ALLEN v. SELLERS.

Opinion delivered December 15, 1919.

1. OFFICERS—JURISDICTION OF EQUITY.—While equity has no jurisdiction to determine title to a public office, or to aid proceedings in the county court, or in the circuit court on appeal, with respect to the removal of road commissioners, it has jurisdiction to prevent the unlawful interference with the occupancy of such office.

2. PROHIBITION—WHO MAY MAINTAIN.—Prohibition will not lie to prevent enforcement of a decree against persons who are not applying for the writ, though the decree is void as to them because they were not parties to the proceeding.

Prohibition to Perry Chancery Court; *Jordan Sellers,* Chancellor; petition denied.

*Owens & Ehrman,* for petitioners; *Pace, Campbell & Davis,* of counsel.

Prohibition lies, and the writ should issue to the chancery court. It is the only remedy where courts are proceeding without jurisdiction. 26 Ark. 51; 27 *Id.* 675; 33 *Id.* 191; 39 *Id.* 211. The chancery court is without jurisdiction, and plaintiffs in the court below have an adequate remedy at law. Article 7, section 33, Constitution; Kirby's Digest, § 1487; 75 Ark. 512; 73 *Id.* 70; 43 *Id.* 63; 75 *Id.* 511; 96 *Id.* 468; 93 *Id.* 269; 81 *Id.* 51; 48 *Id.* 331, 510; 88 *Id.* 160.

*W. B. Rutherford,* for petitioners.

No action is pending in the circuit court for which to invoke the aid of a chancery court. The commissioners removed were appointed by the county court for a definite term and held at the pleasure of the county court. 39 Ark. 211; 244 Fed. 382; 13 Peters 153. See also 73 Ark. 66. Chancery courts will not aid where no property rights are involved or jeopardized. 25 Ark. 301. Respondents were not in possession. The orders of the county court removing respondents and appointing petitioners are a part of the record. 84 Ark. 540; 69 *Id.* 606. The petition of respondents was not verified as required by law. When the demurrer was overruled, the chancery court was without jurisdiction or authority to grant a restraining order. The petition here is verified, and the answer is not.

*Chas. C. Reid, John L. Hill, J. H. Bowen* and *G. B. Colvin,* for respondent.

Chancery courts have the jurisdiction and authority invoked here. 69 Ark. 606; 177 S. W. 920; 84 Ark. 540.

Plaintiffs here have no other remedy and the order should be made.   61 Ark. 341; 61 *Id.* 354.

Here the statute gives the county court no right to remove the commissioners, and no such right exists nor can be implied.   86 Ark. 555; 94 *Id.* 49; 71 *Id.* 4.

Prohibition is never granted unless the inferior tribunal has clearly exceeded its jurisdiction and the party has no other protection.   96 Ark. 332.   The chancellor was right in issuing the injunction and his action should not be interfered with by prohibition and the writ should be denied.   Cases *supra*.

McCULLOCH, C. J.   This proceeding arises on a petition for writ of prohibition to the chancellor of the Ninth District of Arkansas, presiding over the chancery court of Perry County.   It is sought to prohibit the chancellor from proceeding further in a cause pending in the chancery court of Perry County wherein the petitioners are defendants and in which a temporary restraining order has been issued by the chancellor against them.

The following are the material facts of the case as they appear from the petition and response:   A road improvement district designated as Road Improvement District No. 1 of Perry County, was duly organized by order of the county court of that county pursuant to the general statutes of the State with respect to the organization of such districts, and D. M. Wallace, J. T. Chafin and A. F. Leigh were the commissioners of the district.   The county court of Perry County in November, 1919, at a regular term of the court, made an order removing the said commissioners from office and appointing in their stead the present petitioners, J. T. Shelton, J. J. Rankin and J. F. Hutchingson.   The order of removal was made after a hearing instituted by a petition of certain owners of property in the improvement district.   The original commissioners (Wallace, Chafin and Leigh) then instituted an action in the chancery court of Perry County against the petitioners to restrain the latter from interfering with the plaintiffs in the performance of the duties

of commissioners of the district and also to restrain the petitioners from attempting to exercise the duties of the office. The chancellor, over the objection of the petitioners, granted a temporary restraining order, which is still in force, and that cause is still pending in the chancery court. It appears also that when the order of removal was entered by the county court the original commissioners prayed an appeal to the circuit court of Perry County, but the county court refused to grant the appeal, whereupon an affidavit for appeal was filed with the clerk of the circuit court, and that officer granted the appeal, which is still pending in the circuit court of Perry County.

The case is controlled, we think, by the decision of this court in *Rhodes* v. *Driver,* 69 Ark. 606. The chancery court can not exercise supervisory control of the county court, nor can it exercise jurisdiction in aid of the proceedings pending in the county court, or in the circuit court on appeal, with respect to the removal of road commissioners. The chancery court can, however, exercise its jurisdiction for the purpose of preventing unlawful interference with the occupancy of a public office. The incumbent of an office is entitled to protection from such unlawful interference. That is the doctrine of *Rhodes* v. *Driver, supra.* There may be a *de facto* incumbency of membership of the board of commissioners of an improvement district. *Inland Construction Co.* v. *Rector,* 133 Ark. 277. The chancery court can not determine the title to the office or the right to possession, but it merely has the power to prevent unlawful interference with the actual possession and the discharge of the duties of the office. If the original commissioners, who were plaintiffs in the action instituted in the chancery court, are, in fact, in possession of the office with its records and paraphernalia, and are in the discharge of the duties of the office, they are entitled to the protection afforded by the chancery court. That court must, of course, determine upon the allegations of the complaint below whether or not it is true that the plaintiffs

in the case are occupying the office of road commissioner. If they have, in fact, been actually removed from the office and are no longer in actual possession, or if their removal is sought by the aid of process issued from the county court, then they can not invoke the aid of chancery to restore that possession, or to stay the process so issued from the county court, for, as before stated, it is within the jurisdiction of the chancery court only to protect a possession shown to exist, and not to determine the title or the rightfulness of the possession to the office.

The complaint in the case below has not been brought up for our consideration, but the recitals of the petition and the response show that the allegations of the complaint were sufficient to give the chancery court jurisdiction for the purposes here announced.

The writ will, therefore, be denied.

HART, J., not participating.

McCULLOCH, C. J., (on rehearing). Petitioners ask for a rehearing for the purpose of obtaining a modification of the judgment of this court to the extent of prohibiting the chancery court from proceeding with that part of its order requiring the depositories of the funds of the road district to honor the warrants drawn by the original commissioners. The two banking institutions which held the funds of the district on deposit are not parties to the case in the chancery court, and the mandate of the court against them is, for that reason, if no other, void and ineffectual. But the petitioners are not interested in prohibiting the attempt to proceed with the void order against third parties not privy to the record below.

Rehearing denied.