SHEFFIELD v. HESLEP.

4-7303                                          177 S. W. 2d 412

Opinion delivered January 17, 1944.

*John C. Sheffield* and *W. P. Brickell,* for appellant.

Leo J. Mundt, J. G. Burke, A. M. Coates, George K. Cracraft, John I. Moore, and J. M. Jackson, for appellee.

McFADDIN, J. This appeal involves the deputy prosecuting attorneyship of Phillips county.

On January 6, 1943, J. H. Moody, prosecuting attorney of the First Judicial Circuit, by written instrument, duly appointed John C. Sheffield as deputy prosecuting attorney, for Phillips county, (in said judicial circuit). The appointment stated it was: "for the period of January 6, 1943, to December 31, 1944." This appointment was duly approved by the circuit judge, and Sheffield took the proper oath, and the appointment and oath were filed and recorded, and Sheffield entered into the performance of his duties.

On August 12, 1943, J. H. Moody, (the said prosecuting attorney), by written instrument, revoked the appointment of Sheffield and, in the same instrument containing the revocation, appointed Douglas S. Heslep as deputy prosecuting attorney of Phillips county. This instrument of appointment was duly approved by the circuit judge on August 14, 1943, and Heslep took the

proper oath on that day, and the instrument and oath were filed and recorded, and Heslep undertook the performance of his duties.

On September 2, 1943, Sheffield, as a citizen and taxpayer and also as deputy prosecuting attorney, filed suit against Heslep in the Phillips chancery court; and Sheffield alleged: (1) His own appointment for the full time stated, and (2) his continued performance of the duties as deputy prosecuting attorney, and (3) the invalidity of the attempted revocation by Moody, and (4) Heslep's alleged disqualification to serve as deputy prosecuting attorney, because Heslep was an elected member of the General Assembly of the state of Arkansas for the period from January 19, 1943, to December, 1944, and was thus disqualified under the Constitution from accepting the appointment as deputy prosecuting attorney. Sheffield prayed that Heslep be enjoined from interfering with Sheffield in performing the duties and collecting the fees as deputy prosecuting attorney. Heslep, in his demurrer, claimed that the complaint did not state facts sufficient to constitute a cause of action.

It should here be mentioned that Sheffield joined W. G. Dinning, Jr., as a defendant in the suit, alleging that Dinning had assisted Heslep in handling cases in the municipal court. Dinning filed an answer disclaiming the deputy prosecuting attorneyship, for himself or anyone else and stated that he had only acted as an accommodation to Heslep. This answer of Dinning seems to have been treated by all parties as a complete disclaimer; so we treat the cause as one between Sheffield and Heslep.

The chancery court sustained the demurrer of Heslep, and Sheffield's complaint was dismissed upon his refusal to plead further. This appeal challenges the correctness of the action of the chancery court in sustaining the demurrer. Many interesting questions are raised, among others being: (a) Whether the deputy prosecuting attorneyship is an office or merely an employment, and (b) whether Heslep is ineligible to serve as deputy prose-

cuting attorney because of his status as a member of the General Assembly of the state of Arkansas as that status is affected by art. IV of the Constitution and § 10 of art. V of the Constitution. For the reasons hereinafter stated we forego a decision on either of these matters and discuss only the two points hereinafter mentioned.

I. *Is Sheffield Still the Deputy Prosecuting Attorney in Phillips County?* This involves the question of whether the revocation of the appointment of Sheffield is a valid revocation and we hold that the answer to this question is found in the last clause of § 10888 of Pope's Digest which section reads: "Such deputy shall receive no fees or salary from the state for his services and may be removed at any time by the prosecuting attorney appointing him."

This was § 3 of act 59 of 1893 and § 6012 of Sandels and Hill's Digest of 1894, and § 6391 of Kirby's Digest of 1904, and § 8311 of Crawford & Moses' Digest of 1921. In all the various changes in the law since 1893 concerning the appointment and duties of deputy prosecuting attorneys this quoted section has remained unchanged. Act 80 of 1895, act 220 of 1905, act 492 of 1919, and act 286 of 1937—each and all—left undisturbed the right of the prosecuting attorney to remove his deputy at any time. The fact that the appointment of Sheffield stated that it was from January 6, 1943, to December 31, 1944, could not repeal the statute which gave the prosecuting attorney the right to remove a deputy at any time. The relationship of a prosecuting attorney to his deputy is necessarily so close that the Legislature wisely provided that the prosecuting attorney had the right to remove his deputy at any time. In *Cobb* v. *Scoggin,* 85 Ark. 106, 107 S. W. 188, a prosecuting attorney was alleged to have made a contract with his deputy for the division of the fees, and the deputy sued for an accounting. This court held that the duties and fees of the deputy prosecuting attorney were fixed by statute and that an agreement to vary the statute was contrary to public policy, and was therefore void. Likewise, in the case at bar, the attempt (if such there was) to appoint a deputy for a fixed period

without right of revocation would vary the statute and be contrary to public policy and therefore void.

The cases hold that a bond required by statute is read in the light of the statute, and the stautory provisions are by law read into the bond even if not written herein. *Crawford* v. *Ozark Insurance Company,* 97 Ark. 549, 134 S. W.. 951; *New Amsterdam Casualty Company* v. *Detroit Fidelity & Surety Company,* 187 Ark. 97, 58 S. W. 2d 418. This line of cases is analogous to the situation here. J. H. Moody, as prosecuting attorney could not make an appointment of a deputy and abrogate his statutory right as prosecuting attorney to remove the deputy. The statute is read into the appointment the same as if fully written therein: the effect being that Sheffield's appointment was "for the period of January 6, 1943, to December 31, 1944, unless revoked as provided by law." It was so revoked, and Sheffield ceased to be deputy prosecuting attorney on August 14, 1943, and had no further claim thereto. The ineligibility of Heslep would not allow Sheffield to hold over, for under § 10884, Pope's Digest, the appointment of any deputy is discretionary with the prosecuting attorney. Sheffield's authority to act was revoked even if no successor was ever appointed.

So we hold that the prosecuting attorney had the right to make the revocation, as he did, and that from and after August 14, 1943, John C. Sheffield was not the deputy prosecuting attorney of Phillips county.

II. *Equity Jurisdiction.* Having decided that Sheffield is not the deputy prosecuting attorney, then the other question (Heslep's eligibility) cannot be decided here because of lack of jurisdiction of the chancery court to pass on such a question in this case. In *Lucas* v. *Futrell,* 84 Ark. 540, 106 S. W. 667, we held that a person in office might use the court of equity only to prevent interference, Chief Justice HILL saying: "Not being in possession,. he was not entitled to an injunction to protect his possession, and that is the only ground for injunction in such cases." When Sheffield filed this suit,

he was not in possession of the deputy prosecuting attorneyship (even if that position were an office, which we do not decide), so Sheffield could not use the equitable remedy of injunction and thereby litigate the eligibility of Heslep. In *Davis* v. *Wilson,* 183 Ark. 271, 35 S. W. 2d 1020, a citizen and taxpayer sought an injunction to restrain the payment of public money to a person alleged to be wrongfully filling a vacancy. On the question of the jurisdiction of the court of equity in such a suit, Chief Justice Hart, speaking for this court, said: "It is well settled that courts of equity will not interfere, by injunction, to determine questions concerning the appointment or election of public officers, or their title to office; and it does not matter whether the incumbent is an officer *de jure* or *de facto.* 22 R. C. L. 113, p. 454.

"This rule is in accord with the repeated holding of our own court. In *Rhodes* v. *Driver,* 69 Ark. 606, 65 S. W. 106, 86 Am. St. Rep. 215, the court quoted with approval from High on Injunctions, the following: "No principle of the law of injunctions, and perhaps no doctrine of equity jurisprudence, is more definitely fixed or more clearly established than that courts of equity will not interfere by injunction to determine questions concerning the appointment or election of public officers or their title to office, such questions being of a purely legal nature, and cognizable only by courts of law. A court of equity will not permit itself to be made the forum of determining the disputed questions of title to public offices, or for the trial of contested elections, but will in all such cases leave the claimant of the office to pursue the statutory remedy, if there be such, or the common-law remedy, by proceedings in the nature of a *quo warranto.*" High, Injunctions (3d ed.), No. 1312.

"This doctrine has been reaffirmed in the following cases: *Hester* v. *Bourland,* 80 Ark. 145, 95 S. W. 992; *Lucas* v. *Futrell,* 84 Ark. 540, 106 S. W. 667; *Gladish* v. *Lovewell,* 95 Ark. 618, 130 S. W. 579; *Harrison* v. *Norton,* 104 Ark. 16, 148 S. W. 497; *Walls* v. *Brundidge,* 109 Ark. 250, 160 S. W. 230, Ann. Cas. 1915C, 980; and *Allen* v. *Sellers,* 141 Ark. 206, 217 S. W. 257."

These cases are ruling here. Even though both sides in the present litigation have asked this court to pass on the eligibility of Heslep, nevertheless we cannot do so in this equitable action, because there is no foundation for equitable jurisdiction after having reached the conclusion that Sheffield's appointment was legally revoked.

It therefore follows that the decree of the chancery court was correct and is in all things affirmed.