HOLLAWAY *v.* BERENZEN.

4-7658 188 S. W. 2d 298

Opinion delivered May 28, 1945.

850

*E. L. Hollaway* and *Bryan McCallen,* for appellant.

*E. G. Ward,* for appellee.

MILLWEE, J. Appellee brought an action in ejectment for the possession of lots 1 and 2, block 8B, Wynne's Addition to the town of Corning, Arkansas, basing title and right to possession upon a state tax deed to J. F. Arnold and wife of July 10, 1940, which was confirmed June 20, 1941. Arnold and wife conveyed to appellee by quitclaim deed on October 24, 1941.

In his answer and cross-complaint appellant claimed title by quitclaim deed from J. F. Arnold and wife of November 18, 1931, which was also based upon a tax deed from the state. Appellant also relied upon a Commissioner's deed alleged to have been made to him in pursuance of his purchase of the property at a sale on May 30, 1930, growing out of a partition suit by appellant against appellee. Appellant also alleged invalidity of the state deed and confirmation relied upon by appellee, because of improper description, excessive costs and other alleged defects and irregularities in the sale. On motion of appellant the cause was transferred to chancery court where a decree was rendered on August 19, 1944, for appellee for possession of the property and quieting her title thereto. This appeal is from that decree.

Appellant represented appellee in a divorce suit which was begun in 1926 wherein appellee acquired the property involved in this suit, together with a 40-acre tract of farm lands. Appellant testified that he had a contract with appellee for a fee of one-third of the amount of real and personal property that might be

secured in the divorce suit, and that appellee left the state without paying this fee. Appellant made a trip to Kansas City, Missouri, where appellee resided in 1929, and urged appellee to sell the 40-acre farm and use the proceeds thereof to repair the town property which was vacant and depreciating in value and give appellant a mortgage on this property to secure his fee. Appellee did not agree to this suggestion and upon his return to Clay county, appellant filed suit in chancery court to construe his contract of employment as attorney for appellee. Counsel appeared for appellee in this suit which resulted in a decree on April 3, 1930, investing a one-third undivided interest in the 40 acres and the lots involved in this suit in appellant. Appellant then took possession of the lots involved in this suit and has remained in possession since August, 1930.

Appellant filed another complaint against appellee for a partition of this property on March 28, 1930. It is insisted by appellant that this suit resulted in a default decree and sale of the property to him on May 30, 1930, which was confirmed on March 5, 1934. The transcript reflects only the filing of the complaint. The Commissioner's deed upon which appellant relies was not introduced. The only record evidence of a deed growing out of the institution of this suit by appellant is certain docket entries which disclose, among other things, a notation as follows: "Report Sale Confirmed. Deed to Pltf. Ack and Appr." A docket notation is not an entry of judgment or decree upon the records of the court and cannot be used to supply a deficiency in the record of the court. *Herrod* v. *Larkins,* 183 Ark. 509, 36 S. W. 2d 667; *City of Monticello* v. *Kimbro,* 206 Ark. 503, 176 S. W. 2d 152. So the docket entries here cannot supply the deficiency caused by absence from the record of the Commissioner's deed and other necessary orders prerequisite to issuance of such a conveyance. Appellant testified that he bid in the property at the sale under which this Commissioner's deed is alleged to have issued for $1,000. A purported copy of a report of sale found in the transcript, which does not appear as a record of the court, recites that the property was struck off to

appellant for $800. There is no evidence in the record of any payment of such purchase price or the disposition thereof. We, therefore, hold that appellant did not acquire title to the property by virtue of the abortive partition suit filed against appellee on March 28, 1930.

We find it unnecessary to determine the validity of the deed growing out of the sale of the property for taxes held by either of the parties to this suit. By the decree of April 3, 1930, which construed appellant's contract of employment with appellee, appellant became invested with title in an undivided one-third interest in the property and appellee with two-thirds interest therein. As a result of this suit, the parties became tenants in common of the property, and this relationship still exists. Mere lapse of time does not dissolve a cotenancy and the evidence fails to disclose a termination or severance of such community of title in this case.

It is well settled under our decisions that a tenant in common cannot add to or strengthen his title by purchasing title to the entire property at a tax sale or by purchasing it from a stranger who has purchased at such tax sale. Such purchase by a tenant in common amounts to a redemption and confers no right except to demand contribution from the cotenant. *Cocks* v. *Simmons*, 55 Ark. 104, 17 S. W. 794, 29 Am. St. Rep. 28; *Sanders* v. *Sanders*, 145 Ark. 188, 224 S. W. 732; *Williams* v. *Anthony*, 182 Ark. 810, 32 S. W. 2d 817. As stated by Justice HART in the case of *Sanders* v. *Sanders, supra*: "The rule is based upon a community of interest in a common title creating such a relation of trust and confidence between the parties that it would be inequitable to permit one of them to do anything to the prejudice of the others in reference to the property." It follows that appellee did not acquire any title to the property by her purchase of the tax title from J. F. Arnold and wife on October 24, 1941. The same rule is applicable to appellant and precludes any claim of title by him under the deed from J. F. Arnold and wife of November 18, 1931.

We conclude, therefore, that the chancellor erred in investing exclusive title and right of possession of the

property in appellee. It follows that the decree will be reversed and the cause remanded with directions to declare appellee owner of a two-thirds undivided interest and appellant owner of a one-third undivided interest in lots 1 and 2, block 8B, Wynne's Addition to the town of Corning, with leave to either party to proceed in this cause with a partition and accounting of rents, taxes and other contributions according to the respective interests of the parties.