Clarence BAUGH Jr. *v.* City of PINE BLUFF

74-287                                    520 S.W. 2d 275

Opinion delivered March 10, 1975

*Reinberger, Eilbott, Smith & Staten*, for appellant.

*Tim Boe*, City Atty., for appellee.

GEORGE ROSE SMITH, Justice. On June 14, 1972, the

appellant was fined $10 in the Pine Bluff municipal court, upon a charge of "driving left of center." Within two weeks he appealed to the circuit court, apparently remaining at liberty on bond. On June 24, 1974, the circuit court set the case for trial on July 18. On July 9 the appellant filed a motion to dismiss the case, on the broad ground that he had been denied a speedy trial as guaranteed by the federal constitution and the state constitution and statutes. On the date set for trial, July 18, the circuit court entered an order dismissing the appeal from the municipal court and directing that a capias issue against the defendant to enforce the municipal court's judgment. The defendant filed a notice of appeal from that order.

In this court the appellant argues that the trial court should have granted his motion to dismiss the charge, because the case was not brought to trial in the circuit within three terms of court, as required by Ark. Stat. Ann. § 43-1709 (Repl. 1964). To support his argument the appellant relies upon our holding in *Holland* v. *State*, 252 Ark. 730, 480 S.W. 2d 597 (1972).

Upon the meager record before us we cannot sustain the appellant's contention. In *Holland* the appellant showed by stipulation and apparently by other proof that three terms of court had elapsed since her arrest and that the delay had not happened upon her application. In the case at bar there is no similar proof. The appellant, as the moving party, had the burden of proving facts to support his motion to dismiss, but there is actually no proof in the record. If a hearing was held, we have no transcript of the proceedings. Apart from the pleadings and the judgment the record contains only a copy of the court's docket sheet, which contains notations of the order setting the case for trial, of the denial of the motion to dismiss, and of the dismissal of the appeal. There is no showing that the docket sheet was introduced in evidence. A docket notation is not the entry of a judgment and cannot be used to supply a deficiency in the record. *Hollaway* v. *Berenzen*, 208 Ark. 849, 188 S.W. 2d 298 (1945). Hence there is no proof that the delay did not happen upon the appellant's application.

Affirmed.