Sam JONES *v.* John HARDESTY et al

76-379                                    551 S.W. 2d 543

Opinion delivered May 31, 1977
(Division I)
[Rehearing denied July 5, 1977.]

*Brown, Compton & Prewett,* by: *Robert C. Compton,* for appellant.

*Potter & Potter,* by: *David J. Potter,* for appellees.

ELSIJANE T. ROY, Justice. On February 21, 1969, appellant Sam Jones instituted an action in Lafayette Circuit

Court against appellees John Hardesty and Howard Richardson seeking judgment for $30,000 on a promissory note. After answer, and upon motion the cause was transferred to Chancery Court and there appellees filed a counterclaim and also third party complaints.

On March 23, 1972, testimony was heard on the complaint and counterclaim but continued for a hearing on the third party complaints until April 20, 1972.

By decree dated April 12, 1972, and filed April 17, 1972, appellant was awarded judgment against appellees in the principal sum of $30,000 with interest, attorney's fee and costs and appellees' cross complaint was dismissed.

On April 20, 1972, the trial of appellees' third party complaints commenced, neither appellant nor his attorney being present.

Before the testimony began attorney for appellees asked the court to withhold "the effect and entry of the original judgment until the entire case can be adjudicated and then our ten days' notice to appeal would run. We would have thirty days to appear and ten days to file notice of appeal."

The court in response to this request stated, ". . . [I]n order that time for appeal might coincide, regardless of which party prevails, the Court would state that he considers the Order of April 12, 1972, to be an Interlocutory Order and not a Final Order." A docket notation to this effect also was made; however, the decree itself was never vacated or modified in any manner.

On April 20, 1972, after completing the testimony in the trial of the third party complaints of appellees, briefs were submitted and the last one was filed June 8, 1972.

No further action by taken by Judge Rowan prior to his death on May 24, 1973. Following his death an interim chancellor served through December 31, 1974. The newly elected chancellor assumed office January 1, 1975, and under authority of Rule 10 of the Uniform Rules and the Standing

Order of the Court, without notice to appellant or his attorney, appellant's case, listed with forty others, was dismissed "for want of prosecution."

In an independent action appellees herein had obtained judgment against Pine-O-Pine, one of the third party defendants herein. That judgment was appealed and affirmed on April 19, 1976.[1] Before the appeal had been decided appellant, through his then attorney, caused a writ of garnishment to be issued against Pine-O-Pine et al, which answered that the judgment against the corporation in favor of appellees was not final.

On April 20, 1976, appellant then had issued a new writ of garnishment, the first one having been dismissed pending outcome of the appeal as to Pine-O-Pine. The court entered an order on May 21, 1976, holding appellant had no judgment, that his cause had been dismissed and the writs of garnishment were a nullity. On June 28, 1976, the matter was reconsidered and the trial judge reached the same conclusion as previously.

On September 20, 1976, the matter was again reconsidered upon the oral testimony of appellant's original attorney[2] and the attorney for appellees who was called as a witness by appellant. At the conclusion of questions by the attorney for appellant, counsel for appellees asked permission to remain on the stand and stated, "If the Court please, I will add my testimony as a witness but as rebuttal to Mr. Compton[3] and also further enlighten the Court on some facts," after which about six pages of testimony by counsel followed. Nevertheless counsel did not withdraw thereafter but continued to represent appellees on appeal, including oral argument before this Court. After the testimony was taken the trial court again refused to vacate the judgment of June 28, 1976, and accordingly this appeal is brought.

[1]Char-Lite Briquetts, Inc. and Pine-O-Pine Company, appellants v. H. E. Richardson, E. C. Hochendel and W. A. Woolman, appellees, No. 75-126, not designated for publication.

[2]The record reflects that appellant's original attorney took no part in further proceedings after he was called to testify.

[3]Mr. Compton had not taken the stand, but was examining appellees' attorney.

Appellant contends a final judgment was entered as to his cause on April 12, 1972, and that the subsequent rulings of the court dismissing appellant's cause for failure of prosecution deprive him of his property without due process of law.

The court's decree dated April 12, 1972, filed April 17, 1972, reads as follows:

On the 23rd day of March, 1972, this matter came on to be heard and, by agreement of the parties and with the approval of the Court, oral testimony was taken upon the issue raised by Plaintiff's Complaint and Defendants' Answer and Cross-Complaint. No evidence was taken on the issues raised by the Third Party Pleadings. *It was agreed that all issues other than those presented by Plaintiff's Complaint and Defendants' Cross-Complaint would be reserved and tried on April 20th and 21st, 1972, if trial proved to be necessary.*

All parties were given until the 7th day of April, 1972, to file their briefs. Plaintiff declined to file a brief, and Defendants' brief having been considered by the Court, together with all evidence and the pleadings, now, on this 12th day of April, 1972, *the Court finds that plaintiff should have judgment against the defendants, and each of them, on his note in the principal sum of $30,000,* together with interest at the rate of six (6%) percent per annum from the 28th day of September, 1967, and an attorneys fee in the amount of $3,000.00, together with his costs herein expended.

The Cross-Complaint of Defendants is dismissed.

This cause is set for trial on the 20th day of April, 1972, at 9:30 a.m., at Lewisville, Arkansas, on *all remaining issues.*

IT IS SO ORDERED.

Jim Rowan
Chancery Judge

(Italics supplied)

Appellees never requested any modification of the original decree, only that effect of the judgment be withheld so that appeal time would run concurrently with that of the third party actions. The court only intended the judgment to be held up for appeal purposes.

In *Holloway* v. *Berezen,* 208 Ark. 849, 188 S.W. 2d 298 (1945), this Court stated:

> * * * A docket notation is not an entry of judgment or decree upon the records of the court and cannot be used to supply a deficiency in the record of the Court. (Citing *Herrod* v. *Larkins,* 183 Ark. 509, 36 S.W. 2d 667; *City of Monticello* v. *Kimbro,* 206 Ark. 503, 176 S.W. 2d 152.) * * *

See also *Baugh* v. *City of Pine Bluff,* 257 Ark. 768, 520 S.W. 2d 275 (1975).

16 Am. Jur. 2d Constitutional Law § 379 (1964), states:

> Rights acquired by a judgment are property rights which cannot be taken without due process of law. * * * (Citing numerous cases in support of the statement.)

We find the delay was occasioned because the third party action was not decided by the original trial court nor his successors in office. This phase of the case has been awaiting decision since June 8, 1972. It would be unconscionable to penalize appellant and deprive him of his judgment under these circumstances. Accordingly the cause is remanded for reinstatement of the judgment.

We also call attention to the case of *Canal Insurance Company* v. *Hall,* 259 Ark. 797, 536 S.W. 2d 702 (1976), wherein we stated:

> We must again take this occasion to reiterate our disapproval of an attorney testifying in an action in which he is an advocate. *McWilliams & Kimes* v. *Tinder,* 256 Ark. 994, 511 S.W. 2d 480 (1974); *Watson* v. *Alford,* 255 Ark. 911, 503 S.W. 2d 897 (1974); *Montgomery* v. *1st Nat'l*

*Bank of Newport,* 246 Ark. 502, 439 S.W. 2d 299 (1969); *Old American Life Ins. Co.* v. *Taylor,* 244 Ark. 709, 427 S.W. 2d 23 (1968); and *Rushton* v. *First Nat'l Bank of Magnolia,* 244 Ark. 503, 426 S.W. 2d 378 (1968).

Reversed and remanded.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.