Leo David FORD v. STATE of Arkansas

CA CR 81-121                    628 S.W. 2d 340

Court of Appeals of Arkansas
Opinion delivered February 24, 1982
[Rehearing denied March 17, 1982.*]

John W. Settle, for appellant.

*CORBIN and GLAZE, JJ., would grant the petition.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was charged with aggravated robbery and being an habitual criminal. He was convicted and sentenced to thirty years in the Arkansas Department of Corrections. The sole issue raised on appeal is that the trial court erred in refusing to require the appointment of a special prosecutor because of the involvement of the prosecuting attorney in the apprehension of the appellant.

On February 28, 1981, the prosecuting attorney for the Twelfth Judicial District, the Honorable Ron Fields, was riding with Officer Garrett on his regular patrol duty in the late hours of February 27, and the early morning hours of February 28, 1981. They received a call concerning a fight at the Regal Eight Motel and proceeded to that location. The prosecutor and the officer observed what appeared to be a fight and the prosecutor observed a knife in the appellant's hand. The appellant was arrested and charged with aggravated robbery and being an habitual criminal. Counsel for the appellant filed a motion to appoint a special prosecutor because of the involvement of the prosecuting attorney. The prosecuting attorney participated in appellant's trial as a witness. The trial and, as it appears from the record, all pre-trial matters were handled by a deputy prosecuting attorney, who was acting under the authority of the prosecuting attorney.

Essentially, the appellant argues that the prosecuting attorney in this case was unable to act in a proper capacity regarding possible negotiations and other matters in the handling of this particular case.

A special prosecutor may be appointed where the elected prosecutor is indicted for a criminal offense (Ark. Stat. Ann. § 24-108 [Repl. 1962]), and where the prosecuting attorney is implicated in the investigation of a criminal offense (*Weems* v. *Anderson*, 257 Ark. 376, 516 S.W. 2d 895 [1974]). In the event the prosecutor is unable to perform his duties because of illness or disability, Ark. Stat. Ann. §

24-117 (Repl. 1962) provides the authority for appointment of a prosecutor in that situation. In *Weems, supra,* the Arkansas Supreme Court stated:

> The absence of specific statutory authority for the appointment of a special prosecuting attorney under the circumstances of this case does not mean that the court is without authority to do what justice, reason and common sense dictate must be done. In other jurisdictions where there was the same lack of statutory authority for the appointment of a special prosecuting attorney under circumstances such as those here presented, the courts have held that there is an inherent power in the courts to make such an appointment. We hold that the Arkansas Circuit Courts also have such an inherent power.

The *Weems* case dealt with the investigation of the prosecuting attorney rather than his prosecution after indictment. We believe that the logic of that case compels us to conclude that the circuit court did have the authority to appoint a special prosecuting attorney in the case at bar. However, the court did not choose to do so, and the issue before us is whether the trial court abused its discretion in failing to appoint a special prosecuting attorney. The exercise of the inherent authority to appoint a special prosecutor must of necessity be discretionary.

The *Arkansas Code of Professional Responsibility,*[1] 33 Ark. L. Rev. 605 (1980) provides as follows:

> DR 5-101   Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
>
> ***
>
> (B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is

---

[1]Adopted by the Arkansas Supreme Court. *Per Curiam,* 260 Ark. 910 (June 21, 1976).

obvious that he or a lawyer in his firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:

(1) If the testimony will relate solely to an uncontested matter.

(2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.

(3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.

(4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case.

DR 5-102   Withdrawal as Counsel When the Lawyer Becomes a Witness.

(A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR 5-101 (B) (1) through (4).

The general rule is that an attorney should not act as both trial counsel and a material witness for his client. *Boling* v. *Gibson,* 266 Ark. 310, 584 S.W. 2d 14 (1979); *Enzor* v. *State,* 262 Ark. 545, 559 S.W. 2d 148 (1977); *Jones* v. *Hardesty,* 261 Ark. 716, 551 S.W. 2d 543 (1977); *Dingledine* v. *Dingledine,* 258 Ark. 204, 523 S.W. 2d 189 (1975); *Watson* v. *Alford,* 255 Ark. 911, 503 S.W. 2d 897 (1974).

There are several reasons for the general rule. First, because of interest or the appearance of interest in the outcome of the trial, the advocate who testifies at trial may be subject to impeachment and the evidentiary effect of his testimony will be weakened, thus harming his client. Second, opposing counsel may be handicapped in cross-examining and arguing the credibility of trial counsel who also acts as a witness. Third, an advocate who becomes a witness may be in the unseemly position of arguing his own credibility. Fourth, the roles of advocate and witness are inconsistent and should not be assumed by one individual.[2] Last, the attorney should not act as both trial counsel and a material witness because of the appearance of impropriety.[3]

Although the prosecuting attorney in this case did not participate in the prosecution of the appellant, the information was filed under his name and authority by a deputy prosecuting attorney and the case was tried by another deputy. The issue in this case narrows to a question of whether, on the facts, the trial court abused its discretion in failing to disqualify the entire staff of a prosecuting attorney who was to appear as a witness in a criminal trial.

The authority of a deputy prosecuting attorney is derived from the prosecutor, and it is clear that the deputy prosecuting attorney has no authority independent of that possessed by the prosecutor. Ark. Stat. Ann. § 24-119 (Repl. 1962); *Sheffield* v. *Heslep,* 206 Ark. 605, 177 S.W. 2d 412 (1944).

From the adoption of the American Bar Association's Canons of Professional Ethics in 1908 until their replacement in 1970 by the Code of Professional Responsibility, no provision existed which required the withdrawal of an entire firm from representation of a client because one attorney in the firm was to be a material witness at trial. Recusal of the entire law firm is required by Disciplinary Rule 5-102 (A). *Boling* v. *Gibson, supra.* The obvious reason

---

[2] See, Arkansas Code of Professional Responsibility, Ethical Consideration 5-9.

[3] 6 Wigmore, Evidence § 1911, pp. 775-776 (Chadbourn rev. 1976).

for the rule is the common interest of the attorney/witness with his law firm in the outcome of the litigation and the appearance of impropriety. These reasons have validity where the attorney/witness has a financial interest in the outcome of the litigation, although the soundness of the rule has been questioned by some legal commentaries. See 6 Wigmore, Evidence, § 911, pp. 775-780 (Chadbourne rev. 1976).

However valid the reasons underlying the disciplinary rules may be, as applied to attorneys or firms engaged in practice for remuneration, they do not appear to have any validity in the case of a prosecuting attorney's office which consists of the prosecutor and several deputies. The relationship between the prosecutor, his deputies, and the State, their sole client, is fundamentally different from that which exists between law firms and the ordinary attorney-client relationship. The prosecuting attorney and his deputies have no financial interest in the outcome of criminal prosecutions conducted by themselves, unlike private law firms engaged in practice for remuneration. Public prosecutors have the duty to seek justice, not merely to convict.[4] They must also disclose to the defense counsel any evidence that tends to negate the guilt of the defendant, mitigate the degree of the offense, or reduce the punishment.[5]

A prosecuting attorney has discretion in performing the functions of his office, and although counsel appears to argue that the prosecuting attorney exercised no discretion in this case, the record is devoid of any evidence which supports such an argument. Counsel also alleges that appellant's case did not receive the objective review which is common for other cases, and again the record is devoid of any evidence to support such a conclusion.

With regard to the reasons underlying the basic rule concerning an attorney acting as trial counsel and material witness, we observe that none of the fundamental reasons

[4]Arkansas Code of Professional Responsibility, Ethical Consideration 7-13.

[5]Arkansas Code of Professional Responsibility, Disciplinary Rule 7-103 (B).

have validity in this case. In this case, Mr. Fields did not act as an advocate on behalf of the State and there is no evidence in the record to indicate that he participated either in the decision to charge, preparation of the case, pretrial matters, or the actual trial.

Second, we can see no way in which appellant's counsel could be handicapped by cross-examining and arguing the credibility of Mr. Fields since that situation would not be altered one bit by the appointment of a special prosecutor. Mr. Fields would still be a competent witness for the State, and we hardly see how the effect on the jury would have been any less once he had been identified on the witness stand as the prosecuting attorney for the judicial district. Any extra credibility which he possessed by virtue of his office, and its effect on the appellant, would not have been lessened by the appointment of a special prosecutor.

Third, as noted earlier, the issue of actual or apparent financial interest in the outcome of the case has no application in a situation where the prosecutor is representing the people and prosecuting an alleged criminal. Next, we find no validity in the argument that there is an appearance of impropriety. The question of impropriety should be addressed to the perception of the jury as to impropriety. Since Mr. Fields was not acting as an advocate in this case, but only as a witness, we find it difficult to believe that the jury could ascribe any impropriety to such action that would be any different than any impropriety the jury might find in Mr. Fields' testifying while a special prosecutor handled the trial.

We also see no conflict of interest or the appearance of a conflict of interest, which would indicate that the prosecuting attorney would be less than impartial in performing his discretionary functions. Had the prosecuting attorney been the victim of the aggravated robbery, such a conclusion might be reached; however, that is not the situation here.

We conclude that, on these facts, the trial court did not abuse its discretion in failing to grant appellant's motion to disqualify the prosecuting attorney and his entire staff and appoint a special prosecutor to handle this case.

Affirmed.

CORBIN and GLAZE, JJ., dissent.

DONALD L. CORBIN, Judge, dissenting. Court proceedings must not only be fair and impartial, they must also appear to be fair and impartial, not only for the benefit of the litigants directly involved, but this is necessary in order to maintain the public's confidence in the judicial system. *Oliver* v. *State,* 268 Ark. 579, 594 S.W. 2d 261 (1980).

We do not, in any sense, attach any improper motives to the actions of the prosecutor or his staff for what occurred in this case. However, we are convinced that this trial lacked the appearance of fairness and impartiality which has been the bedrock of our judicial system.

The Arkansas Supreme Court has repeatedly criticized the practice of the lawyer acting as both witness and advocate in civil cases. See *Bowling* v. *Gibson,* 266 Ark. 310, 584 S.W. 2d 14 (1979), and cases cited therein. The majority argues that a lack of a financial interest in the outcome of a criminal prosecution sets the prosecutor and his office apart from other lawyers. However, experience and common sense tell us that the prosecutor is, of course, vitally interested in the outcome of criminal prosecutions. To say that the lack of a financial interest exempts him from the standards applicable to the practicing bar is to take an unrealistic view of the criminal justice system.

The majority notes that the prosecutor was not acting as an advocate, but as a witness. However, it was clearly the staff which he hires and supervises which carried out the prosecution in this case. Again, although we reiterate that we attach no improper motives to the prosecutor or his staff in this case, we believe the interests of fairness and justice would have been better served through the appointment of a special prosecutor. I therefore respectfully dissent.

I am authorized to say that Judge GLAZE joins me in this dissent.