INTERNATIONAL PAPER COMPANY *v.*
Samuel C. WILSON

CA 90-249 805 S.W.2d 668

Court of Appeals of Arkansas
Division II
Opinion delivered March 20, 1991

*Shackleford, Shackleford & Phillips, P. A.,* by: *Norwood Phillips,* for appellant.

*Anderson & Swindoll,* by: *Art Anderson,* for appellee.

JOHN E. JENNINGS, Judge. On April 24, 1984, appellee Samuel Wilson sustained an admittedly compensable injury while employed with International Paper Company. His leg was crushed in a paper machine manufactured by Beloit Corporation. The leg had to be amputated.

Wilson filed a workers' compensation claim and International Paper has paid more than $100,000.00 in benefits, including more than $60,000.00 for medical expenses. Wilson sued Beloit Corporation in federal court, alleging liability in tort. He joined International Paper as a defendant on the theory that it was negligent in misplacing some of the machine parts. Appellee and Beloit Corporation reached an agreement to settle their lawsuit for $50,000.00, and Wilson petitioned the Commission for approval of the settlement pursuant to Ark. Code Ann. § 11-9-410(c) (1987). International Paper opposed the settlement as inadequate.

The issue was submitted to the administrative law judge on a stipulation of facts along with affidavits from Wilson and Wilson's attorney. The parties also stipulated what the testimony of attorney Robert C. Compton would be were he to be called as a witness by International Paper. The ALJ approved the settlement and the full Commission affirmed and adopted his decision.

On appeal to this court International Paper contends that the Commission erred in considering the affidavit of Wilson's attorney and erred in approving the proposed settlement. We affirm the Commission's decision.

The stipulation of facts submitted to the administrative law judge stated the circumstances of the accident, the nature of the injury, and the amount of compensation benefits paid. It recited procedural facts relating to the action in federal court and stated that "[c]ertain machine parts . . . which resulted in this accident . . . are no longer available." The stipulation also noted that settlement would not effect the subrogation claim of International Paper against Beloit Corporation. The petition for approval of the settlement, signed by appellee's counsel, stated that approval of the petition would be in the best interest of the claimant, that Beloit Corporation was vigorously denying liability, and that there was a high probability that Wilson's claim against Beloit Corporation would not be successful, particularly in view of the missing physical evidence.

Samuel Wilson filed an affidavit in support of his petition. The affidavit stated in part:

4. I also filed a claim against my employer, the respondent International Paper Company, in the same federal court lawsuit, alleging that respondent destroyed, lost or misplaced parts of the machine that injured me.

5. My attorneys have informed me that the absence of the machine parts has damaged my case against Beloit Corporation.

6. My attorneys have investigated this case for several years and have employed the firm of Sene, Kelsey & Associates, St. Louis, Missouri, to examine the machine and offer expert opinion as to the feasibility or lack thereof of my case against Beloit Corporation.

. . . .

8. Due to the absence of the machine parts because of International Paper Company's destruction, loss or misplacement of them, I concur that my case against Beloit Corporation has been irreparably damaged.

9. My attorneys have not exerted any influence over me to settle this case, but have advised me fully of the likelihood of not prevailing in my lawsuit against Beloit Corporation and have left any settlement decision com-

pletely to me. I have, of my own accord, decided that this settlement of $50,000.00 is what I want. I believe it is in my best interest, and I have instructed my attorneys to accept it for me.

10. I ask this Commission to approve my proposed settlement with Beloit Corporation, because I do believe that it is in my best interests.

The appellee's attorney, Art Anderson, also filed an affidavit which stated in pertinent part:

2. I have conducted extensive investigation and discovery concerning the feasibility of claimant's lawsuit against Beloit Corporation for the accident of April 24, 1984, which injured claimant. I have personally examined the machine in question on two occasions. I retained the services of the engineering firm of Sene, Kelsey & Associates, St. Louis, Missouri, to examine the machine and to offer expert opinion as to the feasibility or lack thereof of claimant's case against Beloit Corporation.

3. Based on the investigation and discovery I have conducted, I am now of the opinion, and have been for some time, that the federal court case against Beloit Corporation will most likely not be won if taken to trial.

4. I am of the opinion that the loss or destruction of the bolts by International Paper Company is a factor which weighs heavily against a successful outcome in this case in that the bolts in question constitute the component of the machine which experienced fatigue sufficient to cause their being fractured or sheared, which, in turn, resulted in claimant's injury.

5. I am of the opinion that a better case exists on behalf of claimant against International Paper Company for the loss of destruction of those bolts which constituted essential evidence in his case against Beloit Corporation.

6. I have fully discussed on numerous occasions with claimant and his wife the intricacies of the problems relating to the case against Beloit Corporation; and, after discussing all options and alternatives with claimant and

his wife in this regard, I have left the final decision in the matter up to them. They have decided to take the settlement; and I believe that to be a wise decision.

7. The settlement offer with Beloit Corporation that claimant has instructed me to accept is one arrived at after months of intermittent negotiation, and I believe this settlement is in the best interest of the claimant.

The parties stipulated that if Mr. Compton were called as a witness by International Paper, his testimony would be that in his opinion the loss of machine parts was immaterial, that a "good and valid cause of action" exists against Beloit Corporation, and that from his review of the medical data the proposed settlement would be inadequate.

Rule 3.7 of the Model Rules of Professional Conduct reads as follows:

A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.

In this regard, the administrative law judge stated, in an opinion subsequently adopted by the full Commission:

Both parties have adequately argued their respective positions regarding the affidavit of claimant's attorney being considered as a part of this record. After a thorough consideration of the arguments of the parties, I am persuaded that the admonition regarding attorney testimony is inapplicable in the instant cause. Specifically, it is noted that this is an administrative proceeding and not a matter involving a jury trial on the merits of tort cause. Additionally, with the exception of the claimant, claimant's attorney having investigated and worked up the case regarding the lawsuit, and who would be charged with presenting the suit is in the unique posture of knowing the weakness and strength of the claimant's lawsuit, and correspondingly in a posture to provide advice on which an

informed decision can be made by the claimant regarding the proposed settlement. Further, Model Rule of Professional Conduct 3.2 [sic] provides that a lawyer may act as an advocate at a trial in which he is likely to be called as a witness where the disqualification of the lawyer would work a substantial hardship on the client.

In *St. Paul Fire & Marine Ins. Co.* v. *Wood*, 242 Ark. 879, 416 S.W.2d 322 (1967), the Arkansas Supreme Court quoted the Minnesota Court in *Lang* v. *William Bros. Boiler & Mfg. Co.*, 250 Min. 521, 85 N.W.2d 412 (1957) in discussing the policy of the law to encourage compromise settlements:

> While both employer and employee face the risk that the result of the trial will not equal the amounts offered in settlement or the amount which must be paid in compensation, the employee's burden probably is greater than that of the employer in that ordinarily the employee has no great resources upon which to rely if the gamble of a trial fails, whereas the insurer not only has greater resources but the case as to it is only one of many.

> It is therefore my opinion, after a thorough consideration of all of the evidence in this matter, that even if the affidavit of claimant's attorney, Mr. Art Anderson, is excluded, that the petition for approval of third-party settlement as amended to include release to all claim which preserves the rights of respondent to proceed against Beloit Corporation, is in the best interest of the claimant and should be approved.

 Initially, we must agree with appellant that Rule 3.7 is generally applicable in workers' compensation proceedings. Rule 3.9 establishes certain minimal standard for lawyers representing clients before legislative or administrative tribunals in non-adjudicative proceedings. It does not appear that the rule prohibiting the lawyer from testifying applies in such proceedings. The negative implication of the rule is that the Model Rules are applicable in their entirety in an adjudicative hearing before an administrative agency. Of course, administrative agencies

perform functions associated with all three branches of state government, but in the case at bar the Commission was clearly performed an adjudicative or quasi-judicial function: it was deciding an issue in a case properly before it. The same policy reasons which forbid an attorney to testify in a courtroom trial are present when a lawyer testifies in a hearing before the Commission when the Commission is discharging its quasi-judicial responsibilities. *See generally Ford* v. *State*, 4 Ark. App. 135, 628 S.W.2d 340 (1982). The problem is not cured simply because the attorney testifies in affidavit form. *Bishop* v. *Linkway Stores, Inc.*, 280 Ark. 106, 655 S.W.2d 426 (1983).

Nevertheless, we affirm the Commission's decision. As the comment to Rule 3.7 states, it may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof. In *Liberty Mutual Ins. Co.* v. *Billingsley*, 256 Ark. 947, 511 S.W.2d 476 (1974), a workers' compensation claimant sought approval of a proposed settlement against a third-party tortfeasor. The supreme court noted that at the hearing the claimant's attorney explained the seriousness of his client's injuries, the possibility that his client might recover nothing if the case went to trial, and their desire to accept the settlement. This is essentially what counsel did in the case at bar: he was functioning more as an advocate than as a witness. To the extent that the affidavit touches on matters of fact, those facts do not seem to be contested. The affidavit expresses the lawyer's sense of the lawsuit's possible success. The administrative law judge also noted the exception in the Rule where disqualification would work a substantial hardship on the client. Balancing the claimant's interest against the potential prejudice to the opposing party, the ALJ's conclusion that disqualification was not warranted is supportable.

Appellant's second argument is that the Commission erred in approving the settlement. Clearly, the statute does not afford the carrier the right to veto any compromise not to its liking. *Liberty Mutual Ins. Co.* v. *Billingsley*, 256 Ark. 947, 511 S.W.2d 476 (1974). The issue here is whether the Commission's approval of the settlement constituted an abuse of its discretion. *New Hampshire Ins.* v. *Keller*, 3 Ark. App. 81, 622 S.W.2d 198 (1981). It is the policy of the law to encourage compromise settlements.

> The vice of preventing settlement at all without the consent of the employer or his insurer is that the employee may then be put in a position where, against his will, he must face the uncertainties of a trial.

*St. Paul Fire & Marine Ins. Co.* v. *Wood*, 242 Ark. 879, 888, 416 S.W.2d 322, 328 (1967) (quoting *Lang* v. *Williams Bros. Boiler & Mfg. Co.*, 250 Minn. 521, 85 N.W.2d 412 (1957)). Each case must be decided on its own facts. *Billingsley, supra.* On the facts of the case at bar we cannot say the Commission abused its discretion in approving a settlement.

Affirmed.

CRACRAFT, C.J., and COOPER, J., agree.