SPECIAL SCHOOL DISTRICT No. 50 *v.* DEASON.

Opinion delivered March 3, 1930.

*Rice & Dickson,* for appellant.

*Beasley & Beasley,* for appellee.

McHANEY, J.   Based upon a petition signed by a majority of the electors in the territory affected, the county board of education of Benton County made an order changing the boundary lines of Gentry Special School District so as to absorb or consolidate all the territory in appellant district with the Gentry district, and transferring the control, property, and funds of appellant to the Gentry district.   From this order an appeal was taken to the circuit court and appeal bond given.

Thereafter, while this appeal was pending in the circuit court, appellants brought this suit in the chancery court to have the order of the county board of education declared void, and its enforcement enjoined.   On a hearing the judge's docket shows that a decree was granted staying the order of the county board of education and maintaining the *status quo ante* until the matter could be determined by the circuit court.   The decree entered by the clerk, however, dissolved the board's order, which was then pending on appeal to the circuit court.   This decree was entered at the April term, 1929.   Thereafter, on October 24, 1929, on the petition of appellees to cor-

rect the former decree, an order *nunc pro tunc* was entered correcting the decree so as to speak the truth and conform to the order actually made, but erroneously entered. Appellants have appealed from this latter judgment.

Without deciding the jurisdiction of the chancery court to act in the premises, since it does not appear that appellees raise the question, and appellants have invoked it, we are of the opinion that the court was correct in making the latter order speak the truth as reflected by the notation on the judge's docket. No decree was entered regarding the merits of the controversy, and apparently no more was accomplished by the order than had already been obtained by the appeal and supersedeas bond filed. Appeals lie to the circuit court from the final orders of the county boards of education by making the necessary affidavit and bond, as provided in Acts 1925, c. 183, p. 546. If the order of the county board is void, certiorari may be resorted to. *McCrory Special School Dist.* v. *Curtis,* 174 Ark. 343, 295 S. W. 971.

We do not feel constrained to enter upon a discussion of the merits of the controversy. We hold, however, that the chancery court had the power to correct his judgment record so as to make it conform to the judgment actually rendered, even after the lapse of the term.

Affirmed.