## ALLEN et al. v. MURPHY et al.

Court of Appeals of Kentucky.

Feb. 13, 1953.

tion 518(7). This motion was overruled, and the defendants here contend that the trial court abused its discretion.

The suit was filed on August 31, 1950. The petition alleged a written contract with the County Committee by virtue of which said Committee was indebted to appellees in the sum of approximately $4,700. The contract was not filed with the petition and is not part of the record. Summons was apparently served that day on the three individual defendants as members of the Committee. This was ten days before the beginning of a term of court. On September 11, the court found that the Wolfe County Production and Marketing Administration was a voluntary association, and it ordered that the individual defendants defend the action for and on behalf of its members. On September 12, the appellees moved for judgment and the next day the judgment appealed from was entered.

In their motion for a new trial appellants alleged that the individual defendants were acting under the Agricultural Adjustment Act, 7 U.S.C.A. § 601 et seq.; that they could only act under the rules and regulations of the Secretary of Agriculture of the United States; that indispensable parties were not before the court; that the court had no jurisdiction to render the judgment; and that the United States Attorney was not notified of the pendency of the action until after the judgment was entered.

Appellants' motion for a new trial and their brief in this Court raise some very complicated questions of law. Yet appellees have failed to favor us with a brief in support of the court's action in overruling the motion. In Skaggs v. Ohio Valley Rock Asphalt Co., 292 Ky. 758, 166 S.W.2d 1005, we pointed out that under such circumstances an appellate court is justified in either: (1) regarding the failure to be equivalent to a confession of error and reversing the judgment; or (2) reversing the judgment if appellant's brief appears reasonably to sustain such action; or (3) imposing a fine on appellee for noncompliance with its rules; or (4) assuming appellant's statement of facts to be correct.

Claude P. Stephens, U. S. Atty., Lexington, for appellants.

J. Douglas Graham and Ray B. Murphy, Stanton, for appellees.

CLAY, Commissioner.

Appellee obtained a default judgment against appellants, who were representatives of the County Committee, Wolfe County Production and Marketing Administration. Several days thereafter the individual defendants, and the Wolfe County Production and Marketing Administration, moved for a new trial on the ground of unavoidable casualty or misfortune, apparently under Civil Code of Practice Section

■ It is not the function of this Court to practice cases for litigants, nor to initiate extensive research for the benefit of those parties who do not consider their case of sufficient importance to give the Court assistance in reaching a proper decision. On the face of appellants' motion for a new trial and in the light of the allegations and authorities set forth in their brief, it seems to us the trial court abused its discretion in not setting aside the default judgment and permitting appellants to present such defenses as they may have. This was probably one of the fastest default judgments on record, and while the federal government or its agencies are not entitled to preferential consideration in our courts, it is only fair that appellants and other interested parties should be given a real opportunity to be heard.

The judgment is reversed for consistent proceedings.