MILLS *v.* PATTON.

5-2485                                    346 S. W. 2d 689

Opinion delivered June 5, 1961.

*Wiley W. Bean, Marvin Holman, A. F. House, Harry E. Meek,* for appellant.

*D. B. Bartlett, Edward H. Patterson, Mark Woolsey,* for appellee.

ED. F. McFADDIN, Associate Justice. This is an appeal from an order granting a temporary injunction, and we have advanced the case because the statute so provides (§ 27-2102, Ark. Stats.). We only consider whether the Trial Court was in error in granting the temporary injunction.

The controversy stems from the alleged selection of Dolan Cecil as alderman of Clarksville, Arkansas. The appellees are Messrs. Patton (Mayor of Clarksville), Revis and Stephens (admitted to be aldermen), and Cecil, whom appellees claim to be an alderman. The appellants are Messrs. Mills, Clark, and Stumbaugh (admitted to be aldermen), and Cline, whose claim to be an alderman is denied. Appellees filed suit in the Chancery Court, alleging: (1) that Cecil was an alderman of the City of Clarksville; (2) that Cecil had taken the oath of office and entered into the discharge of his duties as alderman; (3) that appellants were seeking to oust Cecil by expunging the minutes of the Council meeting that showed his election; and (4) that appellants were interfering with Cecil in performing the duties of his office. Their prayer was that appellants be temporarily and permanently enjoined from interfering with Cecil in the discharge of his duties as alderman.

In their answer, the appellants admitted that Cecil was an alderman of Clarksville; they admitted that John Cline removed from the ward wherein he had been elected as alderman; they admitted that a meeting of the Council occurred on Mar. 13, 1961, at which meeting Cecil was elected by those present, but they claimed that there was no quorum present at the time of the election; they admitted that the Council minutes of March 13, 1961, showed Cecil's election and that defendants proposed to have a Council meeting to expunge the said minutes; and they also admitted that Cline was asserting that he had the right to act as alderman. Because of

the admissions made in the answer, the appellees found it unnecessary to take evidence. The Chancellor on exchange heard the cause on application for temporary injunction, and granted[1] a temporary injunction, as follows:

"That the defendants, Joe B. Mills, Vintris Clark, Levon Stumbaugh and John Cline, and each of them, and all other persons acting in concert with them, be, and they are hereby, individually, collectively and severally enjoined and restrained from molesting or interfering with the plaintiff, Dolan Cecil, in the discharge of his duties as alderman from Ward 3 of the city of Clarksville, Arkansas, unless and until said plaintiff shall have been by proper proceedings in a court of competent jurisdiction removed from office as such alderman, and are further enjoined and restrained from erasing or expunging from the records of the city council of the city of Clarksville, Arkansas, the minutes and record of the election and appointment of said plaintiff as such alderman on March 13, 1961. AND IT IS FURTHER BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED That the defendant, John Cline, be, and he is hereby, enjoined and restrained from acting or attempting to act, as alderman of said City of Clarksville from Ward 3, and is enjoined and restrained from voting or participating as such alderman in the meeting or meetings of the city council of said city; and the defendants, Joe B. Mills, Vintris Clark, and Levon Stumbaugh, and each of them, are hereby enjoined and restrained from recognizing said defendant, John Cline, as such alderman."

---

[1] The Chancellor required the appellees to post a bond of $500.00, which was done, as a condition to the issuance of the injunction. In an opinion delivered at the conclusion of the hearing, the Chancellor, in regard to this suit, said, *inter alia:* ". . . It's not good for your city. You ought to get together and work together, and help each other . . . Now, then, the question is, whether or not any action should be taken by this court at all to protect the interest of all parties, pending this determination by law action. In that connection I am inclined to believe that a temporary restraining order should issue from interfering only; . . . a temporary restraining order (is) issued only against members of the city council from interfering with Mr. Dolan Cecil performing his *de facto* duties as a member of the council until further order of the court."

As aforesaid, the appellants appealed, and we advanced the cause, stating, *inter alia*: "The sole point to be considered is the correctness of the chancellor's ruling in granting the temporary injunction. See Ark. Stats., Sec. 27-2102." The questions before us are two: (1) did the Chancery Court have power to grant a temporary injunction in a case like this one? and (2) did the Court abuse its permissible discretion in granting the temporary injunction in this case?

I. *Power Of Equity To Grant An Injunction In A Case Like This.* We have a number of cases which hold that a court of equity has power to maintain the *status quo* in a case such as this until the title to the office can be determined by the law court. In *Rhodes* v. *Driver,* 69 Ark. 606, 65 S. W. 106, Driver was actually exercising the duties of Circuit Clerk and Rhodes was contesting the election of Driver. This Court, speaking by Mr. Justice Battle, stated the issue:

"Appellee is in possession of the office in controversy, is in possession of its records and paraphernalia, and is discharging the duties of the same. He holds under a claim that he was legally elected to fill the office. The contest of his election is still pending in the Mississippi Circuit Court. Can appellant be lawfully enjoined by a court of equity from interfering with the exercise of the functions of the office by appellee until the final determination of the contest of his election, or he is ousted by due process of law?"

This Court sustained an injunction in favor of Driver, and here was the reasoning assigned for such holding:

" ' . . . the actual incumbents of an office may be protected, pending a contest as to their title, from interference with their possession, and with the exercise of their functions. * * * And the granting of an injunction in such case in no manner determines the question of title involved, but merely goes to the protection of the present incumbents against the interference of claimants out of possession, and whose title is not yet established.' "

The holding in *Rhodes* v. *Driver* has been reaffirmed in a long line of cases, some of which are: *Lucas* v. *Futrall,* 84 Ark. 540, 106 S. W. 667; *Allen* v. *Sellers,* 141 Ark. 206, 217 S. W. 257; and *Sheffield* v. *Heslep,* 206 Ark. 605, 177 S. W. 2d 412, and cases there cited. It is therefore crystal clear that a court of equity will not interfere to determine questions relating to the title of the office, but will, by injunction, protect the possession of the officer *de facto* against interference by other claimants, and the granting of such an injunction in no manner determines the question of title to the office but merely goes to the protection of the incumbent against interference until the question of title to the office is determined in the court at law.

II. *The Correctness Of The Decree In The Case At Bar.* In *Scrivner* v. *Portis Merc. Co.,* 220 Ark. 814, 250 S. W. 2d 119, we reaffirmed our holding in *Riggs* v. *Hill,* 201 Ark. 206, 144 S. W. 2d 26, wherein we quoted with approval the text of 28 American Jurisprudence, 500, "Injunctions" § 328:

" 'The granting or refusing of injunctive relief rests within the judicial discretion of the trial court, and its action in the matter will be sustained on review by an appellate court, where the power has not been abused. Ordinarily, it is sufficient if a transaction is shown which makes a proper subject for investigation in a court of equity. The rule applies to the grant or denial of a preliminary injunction, and to rulings on motion to dissolve the injunction. Such orders will not be disturbed on review unless they are contrary to some rule of equity, or the result of improvident exercise of judicial power.' "[2]

Tested by the above quoted rule, we cannot say that the Chancellor was in error in granting the temporary injunction in the case at bar. As heretofore stated, the answer of the appellants admitted: that Cecil was an

---

[2] The quotation is from the old volume of 28 American Jurisprudence which was published in 1940. In the new volume of 28 American Jurisprudence, published in 1959, the text is found in "Injunctions" § 332, and reads slightly different from the above quotation, but there is no variance in the rule.

760

alderman of Clarksville; that a meeting of the City Council occurred on March 13, 1961, at which meeting Cecil was elected by those present, although appellants claimed there was no quorum at the time of the election; that the Council minutes of March 13th showed the election of Cecil; that appellants proposed to have a meeting to expunge the minutes; and also that Cline was asserting that he still had the right to act as alderman. The admitted facts made a proper case for a temporary injunction to be issued by the Chancery Court to protect Cecil's right as a *de facto* alderman until the title to the office could be determined by the law court—and it was stated in the oral argument before this Court that such a law action is pending.

Affirmed.

GEORGE ROSE SMITH, J., not participating.