COMPUTE-A-CALL, INC., a Missouri Corp.,
COMPUTE-A-CALL, INC., an Arkansas Corp.,
Cecil WHITE and Bob BOEHM *v.*
Ralph TOLLESON and Lewis JONES

84-302                          687 S.W.2d 129

Supreme Court of Arkansas
Opinion delivered April 8, 1985

*Gary D. Corum* and *Timothy O. Dudley,* for appellants.

*Brazil, Clawson & Adlong,* for appellees.

ROBERT H. DUDLEY, Justice. The appellees filed a complaint in chancery court stating that they had suffered irreparable damage because the appellant did not pay money due under the terms of a contract. They asked for a temporary injunction directing that the appellants pay the money already due, and also pay the money which would become due under the terms of the contract. The chancellor refused to transfer the case to circuit court and granted the temporary injunction ordering that appellants pay $40,760.13 into the registry of the court and to make future payments under the terms of the contract. We reverse and remand. Jurisdiction to hear this interlocutory appeal is vested in the Court under Rule 29(1)(k).

The prospect of irreparable harm or lack of an otherwise adequate remedy is at the foundation of the power to issue injunctive relief. Harm is normally only considered irreparable when it cannot be adequately compensated by money damages or redressed in a court of law. *Kreutzer v. Clark,* 271 Ark. 243, 607 S.W.2d 670 (1980). Money damages are the only damages asked in this case. The remedy at law is adequate. The chancellor erred in refusing to transfer the case to circuit court and erred in granting an injunction for money damages.

The complaint does state that appellees suffered irreparable damage. However, such a conclusory allegation, with no statement of fact, is not sufficient to give equity jurisdiction. *Duncan v. Baxter,* 222 Ark. 955, 264 S.W.2d 395 (1954).

This case is reversed and remanded with directions to dissolve the injunction, to return the money which appellants have paid into the registry of the court, and to transfer the case to circuit court.

Reversed and remanded.