2012 Ark. App. 10

**Juanita Dodds MORELAND, Personal Representative of The Estate of Willie Mae Dodds, Deceased, Appellant**

**v.**

**Lonzell DODDS, Executor of The Estate of Willie Mae Dodds, Deceased, and Willie A. Dodds, Appellees.**

**No. CA 11–452.**

Court of Appeals of Arkansas.

Jan. 4, 2012.

Larry David Stubbs, Fayetteville, for appellant.

Eugene Hunt, Pine Bluff, for appellee.

JOHN B. ROBBINS, Judge.

The controversy in the case involves the estate of Willie Mae Dodds, who died testate on November 30, 2007. Pursuant to the terms of Willie Mae Dodds's will, her son Lonzell Dodds (one of the appellees herein) was appointed executor of the estate. Willie Mae Dodds had thirteen surviving children both when she executed her will and at the time of her death. The estate consisted of a little more than 240 acres of land that contained two residences, as well as $32,790.73 in cash.

Willie Mae Dodds's will provided for the payment of her debts and proper claims against the estate, and then made gifts of the two small parcels of residential land to two of her children, one to Marilyn Dodds Page and one to Tellus Dodds. As for the remaining real property, the will provided:

My son, Lonzell Dodds, has farmed my real property for many years. He has also incurred many expenses in improving the land, including precision leveling, and the drilling of waterwells. For this reason, I hereby grant to my son, Lonzell Dodds, the option to purchase my remaining acreage, of approximately 240 acres, for the sum of $115,000.00. This option to purchase is meant to allow Lonzell Dodds to file with the Probate Court a written document exercising his option to purchase at any time within 90 days after my will is admitted to probate in a court of competent jurisdiction.

The will provided that the sale proceeds of $115,000.00 shall be divided among her twelve other children as well as three grandchildren in specific varying amounts. The will further provided that should Lonzell Dodds choose not to exercise the purchase option, the remaining acreage shall be sold and the proceeds distributed in the amounts previously designated. Any remaining sale proceeds, and any other property owned by Willie Mae Dodds at the time of her death, was left to Lonzell Dodds.

On February 19, 2008, Lonzell Dodds filed a notice of intent to purchase the remaining property consisting of 240 acres for the sum of $115,000.00. On February 12, 2009, Lonzell Dodds filed a petition for authority to make final distribution of the estate assets. The petition asserted that "by the terms of the decedent's will, it was directed that after payment of debt, taxes, and administrative expenses, as hereinafter described, the sale proceeds from the $115,000.00 should be divided among the decedent's children and grandchildren in designated amounts." The petition further asserted that after paying a claim against the estate for $14,083.14, attorney's fees of $4950.00, reimbursement costs of $237.24, and a personal representative fee of $750.00 (which totals $20,020.38), the remaining assets should be paid to the children and grandchildren according to their pro-rata share of the expenses. The petition proposed to distribute a total of $94,909.62 (as opposed to $115,000.00) to the children and grandchildren. Lonzell Dodds, as personal representative of the estate of Willie Mae

Dodds, executed a deed transferring the real property from the estate to Lonzell Dodds.

On February 23, 2009, the trial court entered an order authorizing the final distribution of assets in accordance with Lonzell Dodds's petition. Taking into account the sales proceeds paid by Lonzell Dodds (for which Lonzell Dodds took an offset for the estate's debt and administrative expenses), the trial court distributed a total of $94,909.62 to the children and grandchildren.[1] The trial court's order authorized the personal representative to distribute the assets according to each devisee's prorata share, and ordered that upon the filing of a report of final distribution and receipts in support thereof, Lonzell Dodds shall be discharged as personal representative and the estate closed.

The appellant herein is Juanita Dodds Moreland, who is one of the decedent's children sharing in the distribution of the sales proceeds. All of the children and grandchildren sharing in the proceeds, including Mrs. Moreland, executed two waivers each. The first was a "waiver of notice and entry of appearance and waiver of inventory accounting" executed individually by each beneficiary in the early months of 2008, and that waiver provided:

> The undersigned hereby waives notice of hearing in connection with any petitions filed herein, or other matters presented to the Court, consents that the same may be heard and decided forthwith, and enters his appearance for all purposes in these proceedings.
>
> The undersigned further waives the requirement that the personal representative file in these proceedings an inventory of probate assets, and all accountings, which the personal representative would otherwise be required to prepare and file herein.

The next waiver was styled "receipt and waiver" and was executed individually by each beneficiary in late February and March of 2009, after the trial court had entered the order authorizing final distribution of the estate assets. That waiver provided:

> I, the undersigned, hereby acknowledge receipt of all property and amounts due and distributable to me from the personal representative of said estate. Further, I approve the acts of the personal representative in the administration of this estate.
>
> I hereby waive the requirement of a formal accounting on behalf of the said personal representatives, and of any hearing thereon pursuant to the provisions of Sections 28–52–104 and 28–53–103 of the Arkansas Code, and waive service of notice of any hearing to be held in this matter in connection with the administration of this estate. Further, I enter my appearance in this cause and consent to the closing of this estate and the discharge of Lonzell Dodds as Personal Representative without a hearing and without further notice.

The trial court entered an order approving report of final distribution on April 20, 2009, finding that proper receipts had been given and filed by all distributees, and discharging the personal representative and closing the administration of the estate.

On March 30, 2010, Juanita Dodds Moreland brought a petition to reopen the estate and to set aside the deed by the personal representative. The petition was brought pursuant to Ark. R. Civ. P. 60(c),

---

1. This amount is actually $20,090.38 less than $115,000.00, as opposed to the total deductions of $20,020.38 represented in Lonzell Dodds's petition. There is no explanation for this $70.00 discrepancy.

which permits a trial court to modify an order after the expiration of ninety days under certain circumstances, and Ark. Code Ann. § 28–53–119(a) (Repl.2004), which provides:

(a)(1) If, after an estate has been settled and the personal representative discharged, other property of the estate is discovered, or if it appears that any necessary act remains unperformed on the part of the personal representative, or for any other proper cause, the court, upon the petition of any person interested in the estate and without notice or upon such notice as it may direct, may order that the estate be reopened.

(2) It may reappoint the personal representative or appoint another personal representative to administer such property or perform such act as may be deemed necessary.

In Mrs. Moreland's petition, she alleged that the deed from the personal representative of the estate to Lonzell Dodds was not supported by the full consideration required by the will. In particular, Mrs. Moreland asserted that Lonzell Dodds miscalculated his financial obligation to complete the purchase of the 240 acres, and that to exercise his purchase option he was required to pay the full $115,000.00 as set forth in the will. Because Lonzell Dodds mistakenly thought that the claims against the estate and expenses of administration were to be deducted from the amounts paid to the named devisees, this resulted in the devisees receiving a total of $20,090.38 less than the will required. The petition asserted that the estate had cash assets of $32,790.73, from which the claims against the estate and administration expenses should have been paid. The petition prayed that Lonzell Dodds be required to pay additional funds of $20,090.38 to be distributed to the devisees, and that should he desire not to pay the funds, the deed to

Lonzell Dodds should be cancelled and set aside for lack of adequate consideration. Mrs. Moreland's petition asserted that, should the deed to Lonzell Dodds be cancelled, the 240 acres contained in the estate will require further administration.

On April 8, 2010, Lonzell Dodds filed a response to Mrs. Moreland's petition to reopen and to set aside the deed by the personal representative. In his response, Mr. Dodds asserted:

1. Personal Representative, Lonzell Dodds, admits that due to a misunderstanding on his part, cash funds that should have been counted as part of the estate assets were used to exercise his option to purchase the 240 acre tract of land. He did not understand that those cash funds should have been placed into the residual estate, and then disbursed to his siblings.

2. Personal representative, Lonzell Dodds, states that due to a change in circumstances, he does not wish to exercise the option to purchase the 240 acres.

On April 30, 2008, separate appellee Willie A. Dodds, the estranged wife of Lonzell Dodds, filed a motion to intervene as well as a reply to Mrs. Moreland's petition. Willie A. Dodds asserted that on April 16, 2009, Lonzell Dodds filed for divorce, and that the divorce action was still pending. Willie A. Dodds stated that the petition to reopen the estate was a conspiracy designed to deny her her lawful division of marital assets. Willie A. Dodds asked that she be allowed to intervene to protect her marital assets in the pending divorce case. Relying on the two waivers signed by Mrs. Moreland, Willie A. Dodds claimed that Mrs. Moreland received all property she was entitled to receive and waived her right to complain about the administration of the estate. In an amended response to the petition filed on December 3, 2010,

Willie A. Dodds argued that res judicata barred relitigation of any issue involved in the administration of the estate.

A hearing on Mrs. Moreland's petition to reopen the estate was held on December 20, 2010. Willie A. Dodds testified at the hearing that it was her understanding that Lonzell Dodds was trying to have the 240 acres removed as a marital asset and put back in the estate. She said that if that happens, she will not have any claim to that part of the marital property.

Lonzell Dodds testified that he only paid about $83,000.00 of his own money toward the purchase price of the 240 acres, taking into account the estate's cash assets of about $32,000.00. He acknowledged that he has since reread the will and realizes that he should have paid the full $115,000.00. He said that this was a mistake on his part, and his failure to pay the correct amount was not deliberate. Lonzell testified that he does not have the money to make up for the deficiency, and that he unsuccessfully tried to borrow the money from a bank. He stated, "I thought I had already purchased it and I just don't have the money to pay any more."

Juanita Dodds Moreland testified that she knew that her brother Lonzell Dodds was the personal representative and that she was not active in the administration of the estate. She never attended any hearings or was given any accounting associated with the estate, and signed the waivers to facilitate the probate proceedings. Mrs. Moreland testified that in the spring of 2010 she asked her attorney to look into the estate, and he discovered that some errors were made. Based on the fact that the children and grandchildren only received a total of $94,909.62 instead of $115,000.00 as prescribed by the will, Mrs.

Moreland thought that the beneficiaries were shorted $20,090.38. Mrs. Moreland contended that Lonzell Dodds still owes the difference, and that if he cannot afford to pay the difference the estate will have the responsibility to do something with the acreage. Mrs. Moreland testified that she was willing to serve as personal representative of the estate. She acknowledged that at the time she signed the receipt from the estate she thought she was receiving everything she was entitled to.

On January 24, 2011, the trial court entered an order reopening the estate, appointing a new personal representative, and granting petition to intervene. The trial court's order provides:

1. The request of Willie A. Dodds, to intervene is granted.

2. The request to set aside the deed to Lonzell Dodds [is] denied.

3. The estate captioned above is reopened for the limited purpose of pursuing the collection the sum of $20,090.38 from Lonzell Dodds.

4. Petitioner, Juanita Dodds Moreland, daughter of Willie Mae Dodds, decedent, [as] a named devisee under the Last Will and Testament of the decedent is appointed personal representative.

. . . .

Each devisee in the above captioned estate executed a Waiver and Receipt acknowledging that they had received all they were entitled to receive and they are each bound by those documents. Juanita Dodds Moreland is appointed personal representative for the limited purpose of collecting $20,090.38 from Lonzell Dodds, subject to her acceptance and appointment of a statutory agent for service of process.[2]

2. We acknowledge an apparent inconsistency

in the trial court's order because it found that

Juanita Dodds Moreland, personal representative of the estate of Willie Mae Dodds, now appeals from the January 24, 2011, order. She argues on appeal that the trial court exceeded its authority by prohibiting her, as personal representative, from filing an action to rescind the deed transaction. Mrs. Moreland submits that the devisees have been left without a remedy because there is no viable cause of action to collect the balance of the purchase price from Lonzell Dodds, and Lonzell Dodds testified that he no longer wished to purchase the land and could not afford to pay the balance. Mrs. Moreland asks this court to modify the trial court's order reopening the estate, set aside the order of final distribution, and order a cancellation of the deed.

In support of her argument, Mrs. Moreland cites *Economy Swimming Pool Co. v. Freeling*, 236 Ark. 888, 370 S.W.2d 438 (1963), where the supreme court held that where there is a material breach of contract, substantial nonperformance, and entire or substantial failure of consideration, the injured party is entitled to rescission of the contract. Mrs. Moreland asserts that because Lonzell Dodds paid inadequate consideration for the deed, rescission is the proper remedy. Mrs. Moreland characterizes Lonzell Dodds's actions as constructive fraud on the part of the executor. She also alleges mutual mistake in the deed transaction because Lonzell Dodds was both the seller and buyer and mistakenly thought he was entitled to a credit against the $115,000.00 purchase price for cash in the estate. Mrs. Moreland asserts that whether we label the deed transaction as constructive fraud, inadequate consideration, mutual mistake, or unilateral mistake, the appropriate remedy is rescission.

Mrs. Moreland argues that when the trial court restricted her authority to file a separate action seeking rescission of the deed transaction, the devisees of the estate were left without a remedy. She submits that in order to form a contract there must be a meeting of the minds, and that this did not occur in this case. She makes this contention because the will provided for a purchase price of $115,000.00, but Lonzell Dodds thought he was only required to pay the difference between the $115,000.00 purchase price and the cash available in the estate. Mrs. Moreland thus contends that there was no enforceable contract, and the estate could not prevail in a suit to collect the balance of the purchase price from Lonzell Dodds. She claims that the only remedy is rescission.

▇▇▇ This court reviews probate proceedings de novo on the record, but we will not reverse the decision of the probate court unless the decision is clearly erroneous. *Moore v. First Presbyterian Church of Searcy, Arkansas, Inc.*, 2010 Ark. App. 269, 2010 WL 1233843. Under the circumstances presented in this case, we hold that the trial court's decision to reopen the case for the limited purpose of allowing Mrs. Moreland to collect $20,090.38 from Lonzell Dodds, as opposed to permitting rescission and cancellation of the deed, was not clearly erroneous. While the trial court did not make specific findings in that regard, the appellant did not request specific findings of fact and conclusions of law, and we indulge in the presumption that the trial court acted properly and made the findings necessary to support its judg-

---

the devisees were bound by their waivers and receipts, and yet the trial court appointed Mrs. Moreland as personal representative for the purpose of collecting additional funds.

Nonetheless, there has been no cross-appeal from the trial court's decision to reopen the estate for that limited purpose.

ment. *See Tillery v. Evans,* 67 Ark.App. 43, 991 S.W.2d 644 (1999).

In *Herrick v. Robinson,* 267 Ark. 576, 595 S.W.2d 637 (1980), our supreme court recognized that rescission is cognizable at law as well as in equity. Equitable rescission is distinct from rescission at law in that equitable rescission requires the affirmative powers of an equity court to rescind or undo the contract, whereas in rescission at law the court merely grants restitution after the party seeking it has achieved rescission by his own acts. *Phelps v. U.S. Life Credit Life Ins. Co.,* 336 Ark. 257, 984 S.W.2d 425 (1999). In this case, Mrs. Moreland is seeking to cancel an instrument not through her own acts but rather through the affirmative powers of a court, which would constitute equitable rescission.

In *American Investors Life Ins. Co. v. TCB Transp.,* 312 Ark. 343, 849 S.W.2d 509 (1993), the supreme court held that in order to be entitled to equitable relief, a party must show a lack of an adequate remedy at law. When damages are difficult, if not impossible, to calculate, it cannot be said that the plaintiff has an adequate remedy at law. *See Standridge v. Rice,* 212 Ark. 703, 207 S.W.2d 598 (1948). In the present case, Mrs. Moreland had an adequate remedy at law, and the amount of damages was readily ascertainable. As the probate court indicated in the order being appealed, the damages amount is $20,090.38, the difference between the amount the devisees should have received pursuant to the express terms of the will ($115,000.00), and what they actually received ($94,909.62). Because Mrs. Moreland had an adequate remedy at law, the trial court did not err in limiting her

remedy to the collection of $20,090.38 from Lonzell Dodds as opposed to permitting equitable rescission of the deed.

While Mrs. Moreland argues in her brief that the trial court's decision left her without a remedy, we disagree. The will gave Lonzell Dodds the option of purchasing the acreage for $115,000.00, he made that election, and the proceeds were to be divided among the devisees. In Lonzell Dodds's notice of intent to exercise his option to purchase the property, he represented that he would pay $115,000.00. However, he improperly took a credit against that amount and paid an insufficient price that shorted the beneficiaries $20,090.38. In his testimony, Lonzell Dodds conceded that he still owes the deficiency to the estate, but said he presently lacked the funds. Everyone involved in this case agrees that the devisees received $20,090.38 less than they were due from the purchase of the acreage, and there is no "meeting of the minds" issue as appellant suggests. The will speaks for itself, and it undisputedly provided that Lonzell Dodds should have paid $115,000.00 and not some lesser amount. Simply put, he owes the beneficiaries $20,090.38, and Mrs. Moreland has been given the authority to sue for that amount thereby making the beneficiaries whole.[3]

Affirmed.

GLADWIN and HOOFMAN, JJ., agree.

3. Even if Lonzell Dodds presently lacks these funds as he claims, Mrs. Moreland has the right to seek a judgment and if necessary attempt collection of it through execution on the 240 acres.