Cite as 2019 Ark. App. 565

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV-18-132

| | |
|---|---|
| ARKANSAS CHILDREN'S HOSPITAL | **Opinion Delivered** December 4, 2019 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION [NO. 60CV-17-2148] |
| V. | |
| DEE BLAKELY | HONORABLE TIMOTHY DAVIS FOX, JUDGE |
| APPELLEE | |
| | REMANDED FOR CLARIFICATION |

## BRANDON J. HARRISON, Judge

This case is factually related to *Blakely v. Arkansas Children's Hospital*, 2019 Ark. App. 568 (*Blakely I*), which involves Arkansas's Freedom of Information Act and illegal-exaction claims against the hospital. We have chosen not to decide the merits of this appeal now because the circuit court's order is unclear on some points, which in turn prevents us from ensuring that our review is fair to the court and the parties. We therefore remand and ask the circuit court to clarify its order.

While *Blakely I* was pending in circuit court, Dee Blakely sent a written request to Arkansas Children's Hospital on 15 February 2017 seeking records under the Arkansas Freedom of Information Act. Blakely asked for "[r]ecords related to the receipt and expenditure of County tax funds by Arkansas Children's Hospital, the County hospital for Pulaski County, Arkansas, for the 'purpose of maintaining, operating and supporting such hospital' for the calendar years 2011–2016." The hospital responded that it was not subject

to FOIA and had no such records because the funds were paid to the hospital as Medicaid funds from the Arkansas Department of Human Services.

On 4 April 2017—the date the illegal-exaction claims in *Blakely I* were tried to the court—Blakely, through counsel, orally asked Jane Duke (outside counsel for the hospital) for "all remittance advice letters sent to ACH from Medicaid, as identified by Christine Coutu in her testimony on April 4, 2017, during the bench trial of [*Blakley I*]." On that same day, Blakely, through counsel, also asked Duke and Rhonda McKinnis, chief counsel for the hospital, for "all notes they had taken while attending the bench trial of [*Blakley I*]." The hospital denied the April 2017 requests, stating again that it is not subject to FOIA.

Blakely sued and asked that the requested documents be produced. (Thus this *Blakely II* was born.) She also asserted that the hospital was subject to FOIA because it is designated as a county hospital; there is a tax levied for the maintenance, operation and support of it; it is affiliated with UAMS; and the hospital receives several million dollars from state appropriations every year.

The circuit court entered an order on Blakely's FOIA requests on 13 December 2017. The court wholly denied the FOIA requests for remittance-advice letters and trial notes. The court denied in part and granted in part the FOIA request relating to county money.

The hospital filed its notice of appeal on 15 December 2017 and makes one point for reversal: the circuit court clearly erred by ordering it to produce the documents under FOIA.

Before a private entity like the hospital can be ordered to disclose records under FOIA, it must be covered by the act. *Sebastian Cty. Chapter of Am. Red Cross v. Weatherford*, 311 Ark. 656, 846 S.W.2d 641 (1993). Whether a private entity is covered by FOIA is determined by a three-factor test, which according to an authoritative commentator in this area of the law, asks whether the entity (1) receives public funds, (2) engages in activities that are of public concern, and (3) carries on work that is intertwined with that of governmental bodies. *See* John J. Watkins et al., *The Arkansas Freedom of Information Act*, 64 (6th ed. 2017) (footnotes omitted). The test is a conjunctive one according to the preeminent book on Arkansas's FOIA, and the parties in this case so argued in their respective briefs, themselves each citing Arkansas Attorney General opinions to that effect. As one example, in a bench brief filed with the circuit court in opposition to Blakely's FOIA complaint, the hospital argued that "The FOIA only applies to organizations that meet a three-prong test. The receipt of [direct] public funds is merely one prong of the test." The hospital then provided the same quote from Professor Watkins's book as the one we provided at the beginning of this paragraph. And in its appeal brief, the hospital asserts that it "is not an entity subject to FOIA. The record demonstrates that ACH does not engage in matters of public concern, is not intertwined with the government, and is not supported by direct public funds."

A primary reason we have decided to remand the case rather than decide it now on its merit is that the circuit court expressly made a finding on the first factor related to public funds, but it remained silent on the other two factors. The court also appears to have determined whether certain documents were subject to FOIA, not whether the hospital

itself was subject to it. (More on this below.) Normally we indulge the presumption that the circuit court made the findings necessary to support its judgment. *See Moreland v. Dodds*, 2012 Ark. App. 10, 388 S.W.3d 73. Here, however, we cannot fairly do so.

Blakely asked for a declaration in her complaint that the hospital is a FOIA-covered entity. But the circuit court's order is unclear on whether it decided that question fully. For example, paragraph 2 of the order indicates that the court may have applied the three factors in a disjunctive, not conjunctive, manner. The opening sentence of the paragraph states (with our emphasis): "Defendant Arkansas Children's Hospital (ACH) contests that it is an entity subject to the Arkansas FOIA because, as a private entity it does not: (1) directly receive public funds; *and/or* (2) engage in activities that are of public concern; *and/or* (3) carry on work that is intertwined with that of government bodies." The remainder of the paragraph reads as focusing on factor one. Having considered the entire order, we cannot tell with confidence whether all three factors were applied in a conjunctive or disjunctive manner. The difference is a legally meaningful one.

Another example of an important ambiguity is that in paragraph 3.c. the court speaks in terms of FOIA attaching to certain documents. Specifically, the order states in part:

> Arkansas Children's Hospital, for the time period of 2011–2016, received documents from the Arkansas Department of Human Services concerning Pulaski County millage tax monies, such documents are subject to the FOIA and Arkansas Children's Hospital is ORDERED to disclose such records to Plaintiff within three (3) days from entry of this Order. With respect to any other document encompassed within Plaintiff's February 15, 2017 written request, the relief sought is DENIED.

4

Here again we cannot tell whether the court did or did not rule that the hospital was a FOIA-covered entity, and why or why not. The hospital can have no potential liability under FOIA unless the three-factor test is first met. *See Nabholz Constr. Corp. v. Contractors for Pub. Prot. Ass'n*, 371 Ark. 411, 416, 266 S.W.3d 689, 692 (2007) (whether an entity is covered by the act "such that a suit against [the entity] is even proper" is a threshold question). Whether a private entity subject to FOIA is the "custodian" of a "public record" under Arkansas Code Ann. §§ 25-19-103, -105 (Supp. 2017) is an important question; but it does not arise until and unless a private entity is first determined to be covered under the act pursuant to the three-factor test we have mentioned.

To honor the circuit court's intentions and the parties' arguments in an important area of the law, we deem it best to remand the case and ask the court to clarify its order.

Remanded for clarification.

KLAPPENBACH and SWITZER, JJ., agree.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Megan D. Hargraves* and *David F. Koehler*, for appellant.

*Sutter & Gillham, P.L.L.C.*, by: *Luther Oneal Sutter* and *Lucien Gillham*, for appellee.