## OFFICE of CHILD SUPPORT ENFORCEMENT  *v.*
### Colin R. REAGAN

CA 04-631                                                202 S.W.3d 18

Court of Appeals of Arkansas
Opinion delivered February 2, 2005

G. *Keith Griffith,* for appellant.

*Davis & Watson,* for appellee.

L ARRY D. VAUGHT, Judge. The Office of Child Support Enforcement (OCSE) appeals from the trial court's conclusion that registration of a 1979 Indiana child-support order in Arkansas was barred based on the Indiana statute of limitations for child-support orders. OCSE argues that the court erred in finding that appellee met his burden of proving the defense of statute of limitations. We disagree and affirm.

Colin Reagan and Phyllis Reagan were divorced in Indiana on May 14, 1979. In the divorce decree, Phyllis was granted custody of their child, Gregory, and Colin was ordered to pay $25 per week in child support. On October 16, 2003, pursuant to the Uniform Interstate Family Support Act, the decree was registered in Washington County, Arkansas. Colin objected to the registration and argued the affirmative defense of statute of limitations.

A hearing was held on March 8, 2004, where Colin argued that Ind. Code § 34-11-2-10 was the appropriate statute of limitations to apply, which required an action to enforce child support be commenced within ten years after a child's eighteenth birthday or emancipation. Because Gregory turned eighteen on June 30, 1991, Colin argued enforcement of the child-support arrearage was barred as of June 30, 2001.

In response, OCSE introduced a certified copy of "minutes of the court" from Indiana dated June 14, 1991, which noted the

following: "Pet i/p & b/c. SEH. Ct finds Resp in cont for failure to pay c/s. Arr set at $15,725. Such sum reduced to judg." The document also included the same case number as the divorce decree and indicated the name "Reagan." OCSE argued that Indiana Code § 34-11-2-12 allowed judgments to be enforceable for twenty years. Colin countered that the State had not presented an enforceable judgment, and therefore, the court had nothing to enforce.

The court found the exhibit to be something that Arkansas courts would consider to be a docket sheet, not a judgment or support order. The court referred to Arkansas law that required a judgment to be a separate document, signed by the court and filed by the clerk. Further, no legal authority was presented to maintain that Indiana had less stringent requirements for judgments. The court found that, absent any written judgment falling within the twenty-year Indiana limitations period, Colin had met his burden of proof for purposes of contesting the registration of the 1979 order based on the ten-year statute of limitations.

■ We review equity cases de novo on the record, and we will not reverse a finding of fact by the trial court unless it is clearly erroneous. Ark. R. Civ. P. 52(a); McWhorter v. McWhorter, 346 Ark. 475, 58 S.W.3d 840 (2001). In reviewing a trial court's findings, we give due deference to that court's superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. McWhorter, 346 Ark. at 475, 58 S.W.3d at 840.

Pursuant to Ark. Code Ann. § 9-17-607(a)(7) (Repl. 2002), Colin objected to the registration of the 1979 Indiana child-support order on the basis that its enforcement was barred by the applicable statute of limitations. Under that provision, Colin bore the burden of proving that the statute of limitations precluded the enforcement of his child-support obligation. According to Ark. Code Ann. § 9-17-604 (Repl. 2002), the appropriate statute of limitations to apply in this case is that of Indiana. The Indiana statute provides that an action to enforce a child-support obligation must be commenced within ten years after the child's eighteenth birthday or emancipation, whichever occurs first. Ind. Code § 34-11-2-10. Additionally, Ind. Code § 34-11-2-12 provides that "[e]very judgment and decree of any court of record of the United States, of Indiana, or of any other state shall be considered satisfied after the expiration of twenty (20) years."

█ Gregory turned eighteen on June 30, 1991; therefore, according to the Indiana ten-year statute of limitations, any action to enforce the child-support obligation was barred unless brought by June 2001. Because the action in Arkansas was not brought until October 2003, it is barred by the statute of limitations.

██ OCSE argues, however, that because it presented some evidence that an action had been commenced in Indiana (and a judgment had been issued) within that ten-year time period, the statute of limitations should be tolled allowing twenty years for the enforcement of any judgment that was issued. However, the twenty-year limitations period set forth in Ind. Code § 34-11-2-12 is not a tolling statute, but rather an independent statute of limitations that applies to legally-enforceable judgments. The only evidence presented of any legal activity was the docket sheet, which the trial court specifically found did not constitute a judgment under Arkansas law. *See Hollaway v. Berenzen*, 208 Ark. 849, 188 S.W.2d 298 (1945) (stating a docket notation is not an entry of judgment and cannot be used to correct a deficiency in the record). Additionally, OCSE provided no authority to support the conclusion that such a document would be considered a judgment by an Indiana court.

█ Because OCSE did not attempt to register the 1979 child-support order in Arkansas until over two years after the ten-year statute of limitations period had expired and could not provide another valid judgment to enforce, the trial court's finding that registration of the order was barred by the statute of limitations was not clearly erroneous.

Affirmed.

GRIFFEN and CRABTREE, JJ., agree.