**Dissenting Opinion issued July 30, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-11-00545-CV

———————————

**LAWRENCE S. OLEKSY, Appellant**

**V.**

**FARMERS INSURANCE EXCHANGE, Appellee**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 08-DCV-165626**

---

## DISSENTING OPINION

I respectfully dissent. The majority reverses the trial court's judgment on cross-motions for summary judgment. However, it does not decide the dispositive issue raised by the parties in their cross-motions for summary judgment and on

appeal and render the judgment the trial court should have rendered. Specifically, it does not interpret the law and decide the dispositive issues of (1) whether appellant Lawrence S. Oleksy's homeowner's insurance policy, issued by appellee Farmers Insurance Exchange ("Farmers"), potentially covers the type of claims for personal injury made against Oleksy by third-party defendants Paul and Deborah Pochron based on a snowmobile accident that occurred in New York in 2007 and (2) whether, under a correct interpretation of the policy's terms, Oleksy is therefore entitled to a defense to the claims by Farmers and potentially to indemnification. The majority concludes only that it is not necessary for it to decide whether the motor vehicle registration laws under which the snowmobile was required to be registered were those of New York or Texas. This is an issue applicable to the determination whether an exception to the motor vehicle exclusion from coverage applies in this case, an issue which is in turn material to whether the Pochrons' claims are covered under the policy's terms, which is the dispositive issue and a question of law.

The majority holds that the New York and Texas motor vehicle registration laws are materially the same and that a snowmobile is not required to be registered as a motor vehicle under either, so it need not determine which statute applies when construing Oleksy's policy. It then refuses to construe and apply either statute or to determine whether the exception applies and thus whether the policy

2

covers the Pochrons' claims and whether Farmers is required by the terms of Oleksy's policy to provide a defense to the Pochrons' claims. And it refuses to enter judgment in favor of Oleksy, even though it declares the law to be such that Oleksy must necessarily be the beneficiary of its reading. Having made its decision not to decide the legal issues in the case, the majority remands the case to the trial court to interpret the law and apply it to the undisputed facts in further proceedings in accordance with its opinion.

The majority justifies these departures from established law with the erroneous statement that the issue on which summary judgment was granted was not considered by the trial court. By this claim, it means that it has concluded that Oleksy has made a new (and incorrect) argument on appeal for why the law should be construed in his favor. Therefore, it refuses to construe and declare the law itself and to determine Oleksy's right to coverage and to a defense under a proper construction of the applicable laws on the incorrect ground that the issue was not raised below. In sum, the majority confuses an argument and an issue. It thus fails to "hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal," as mandated by Texas Rule of Appellate Procedure 47.1; and it fails to declare the law and render the judgment the trial court should have rendered on cross-motions for summary judgment, as required by summary judgment law. Instead, it reverses the summary

3

judgment in favor of Farmers on the law, refuses to enter summary judgment in Oleksy's favor on the same law, and sends the case back for wasteful and duplicative proceedings in which it invites the trial court to err in interpreting the law for itself before another appeal can be taken.

I would construe and declare the law at issue and apply it to the undisputed facts supported by the summary judgment evidence, as requested by the parties. I would reverse the summary judgment in favor of Farmers declaring that Oleksy's homeowner's insurance policy does not entitle him to coverage or to a defense provided by Farmers on the Pochrons' claims. Finally, I would render judgment in favor of Oleksy, declaring that the Pochrons' claims against Oleksy are covered by the terms of his Farmers homeowner's insurance policy and that Oleksy is entitled to a defense against the Pochrons' claims under the policy.

## Background

In February 2007, Oleksy was snowmobiling in New York with his friend Paul Pochron and several other people when his snowmobile collided with Pochron's. Pochron was seriously injured, and he and his wife later filed suit against Oleksy in Fort Bend County, Texas. That suit is pending. Pochron seeks damages for his injuries, and his wife and co-plaintiff, Jean Pochron, seeks damages for loss of consortium and loss of household services. In their first amended original petition, the Pochrons alleged that Oleksy was a resident of

4

Richmond, Texas in Fort Bend County and that the snowmobile accident occurred in the town of East Otto, New York. The Pochrons' first amended original petition did not clearly identify the owner of the snowmobile that Oleksy used that day.

Farmers refused to provide Oleksy with a defense to the Pochrons' claims under Oleksy's homeowner's insurance policy, and Oleksy filed the instant declaratory judgment action against Farmers seeking a declaration that Farmers has a duty to defend and to indemnify him in the lawsuit filed by the Pochrons. Oleksy based his claim for coverage on an exception to the motor-vehicle exclusion in his homeowner's insurance policy. Farmers filed an answer to Oleksy's petition, along with a counterclaim and a third-party petition for declaratory relief. It named the Pochrons as third-party defendants and sought a declaratory judgment that Oleksy is not entitled to a defense provided by Farmers in the Pochron lawsuit because the motor-vehicle exclusion applies and excludes from coverage damages for personal injury arising out of the snowmobile accident.

**Policy Provisions**

It is undisputed that the relevant policy provisions require Farmers to provide a defense to its insured for claims for damages for bodily injury or property damage covered by the policy but that the policy excludes from coverage claims arising out of the operation or use of a motor vehicle. However, the motor vehicle exclusion does *not* apply to motor vehicles (1) "which are not subject to

5

motor vehicle registration," (2) are "designed and used for recreational purposes," and (3) are not owned by an insured. These three criteria establish an *exception to the exclusion*, and a claim under the policy against Farmers' insured for bodily injury or property damages that meets these criteria is *not* excluded from coverage.

The policy states:

**Section II—Liability Coverage**
**Coverage C (Personal Liability)**

If a claim is made or a suit is brought against an **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this coverage applies, we will:

1.  Pay up to our limit of liability for the damages for which the insured is legally liable. Damages include prejudgment interest awarded against the insured; and

2.  Provide a defense at our expense by counsel of our choice even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate.

. . . .

**Section II—Exclusions**

1.  **Coverage C (Personal Liability) and Coverage D (Medical Payments to Others)** do not apply to:

. . . .

f.  **bodily injury** or **property damage** arising out of the ownership, maintenance, operation, use, loading or unloading of:

6

(1)     motor or engine propelled vehicles or machines designed for movement on land, including attached machinery or equipment;

(2)     trailers, semi-trailers or mobile homes;

Which are owned or operated by or rented or loaned to an **insured.**

However, this exclusion does not apply to:

(1)     *motor vehicles which are not subject to motor vehicle registration and are*:

. . . .

(d)     *designed and used for recreational purposes; and are*:

(i)     *not owned by an **insured**; or*

(ii)     owned by an **insured** while on the **residence premises**.

(Italics added.)

## Procedural History

After the issues in this case were joined, Farmers moved for summary judgment on its counterclaim and third-party petition. Farmers argued that, under its plain language, Oleksy's policy does not include coverage of the Pochrons' claims for personal injuries arising out of the snowmobile accident and Oleksy is not entitled to a defense against the Pochrons' claims because the snowmobile was registered under New York's motor vehicle law and Oleksy was a co-owner of the snowmobile; thus, since two of the three criteria for coverage under the exception to the motor vehicle exclusion were not satisfied, the motor vehicle exclusion

7

applies and the Pochrons' claims against Oleksy are not covered by the policy. As summary-judgment evidence, Farmers attached Oleksy's insurance policy; the Pochrons' First Amended Original Petition (which argued that the snowmobile was a recreational vehicle and that Oleksy did not own the snowmobile); a copy of the New York statute requiring registration of snowmobiles; excerpts from Paul Pochron's deposition; and Oleksy's recorded statement.

Oleksy filed a cross-motion for summary judgment and response to Farmers' motion for summary judgment. With respect to the issue of whether the snowmobile was required to be registered as a motor vehicle, Oleksy argued that there is a conflict between Texas law and New York law that should be resolved by reference to Texas Insurance Code article 21.42. Construing the policy under his interpretation of the requirements of Article 42.21, Oleksy argued that the policy requires that a recreational vehicle such as the snowmobile must be subject to motor vehicle registration under *Texas's* motor vehicle registration law in order for the motor vehicle exclusion to apply and that the snowmobile was not subject to motor vehicle registration in Texas. He also argued that Pochron owned the snowmobile, based on undisputed evidence that Pochron obtained title to the snowmobile in his name, maintained possession of it, paid insurance premiums for it, and had an insurance policy that named him as its owner. Thus, he argued, all three requirements for the application of the exception to the motor vehicle

8

exclusion were satisfied—i.e., the snowmobile was (1) not subject to registration under the motor vehicle laws of Texas because (2) it was a recreational vehicle and, moreover, (3) he did not own it. Therefore, he is entitled to coverage under the policy and a defense from Farmers against the Pochrons' claims. As summary-judgment evidence, Oleksy attached his Farmers homeowner's insurance policy; the Pochrons' first amended petition; an email from the Texas Department of Motor Vehicles stating that it does not title or register snowmobiles; an affidavit from Pochron, in which he averred that he owned the snowmobile in question; and Oleksy's own answers to interrogatories, in which he denied ownership of the snowmobile.

Farmers responded to Oleksy's motion for summary judgment, arguing that Article 21.42 does not require the application of *Texas's* motor vehicle registration law in determining the applicability of the recreational-vehicle exception to the motor-vehicle exclusion, as Oleksy had urged. Farmers argued that the snowmobile was required to be registered, and was registered, in New York under *New York's* motor vehicle registration laws, and therefore the exception to the exclusion for motor vehicles did not apply. Farmers also again argued that Oleksy owned the snowmobile and, for that reason too, the exception to the motor vehicle exclusion did not apply and the Pochrons' claims were not covered by Oleksy's policy.

9

The trial court granted Farmers' motion for summary judgment, denied Oleksy's motion, and issued a final summary declaratory judgment, which declared that the insurance policy provided no coverage for the snowmobile accident and that Farmers had no duty to defend or indemnify Oleksy in connection with the Pochron lawsuit.

Approximately one week after the trial court's final judgment, the Pochrons filed a third amended original petition, specifically alleging that Pochron, not Oleksy, owned the snowmobile. Oleksy filed a motion for new trial, arguing that an insurer's duty to defend is determined by the third-party plaintiff's pleadings considered in light of the policy provisions, without consideration of facts outside of the pleadings. In response, Farmers argued that the Pochrons' amended petition should not change the result of the declaratory-judgment action because the petition alleged facts which, if true, still invoked the motor-vehicle exclusion and negated the recreational-vehicle exception to it. The trial court overruled Oleksy's motion for new trial, and Oleksy appealed.

On appeal, Farmers concedes that Pochron owned the snowmobile that Oleksy was driving at the time of the accident. Therefore, the only issue pending before this Court with respect to satisfaction of the exception to the motor vehicle exclusion is whether the trial court correctly ruled that the exception does not apply because the snowmobile was required to be registered as a motor vehicle. The trial

court's award of summary judgment to Farmers and its denial of Oleksy's motion for summary judgment necessarily imply its conclusion that the motor vehicle exclusion applied and not the exception. Therefore, it ruled that the Pochrons' claims were not covered by the policy and Farmers was not required to provide a defense to Oleksy for those claims. This issue was squarely placed before the trial court by both Farmers and Oleksy, and the trial court's interpretation of the terms of the policy was the basis for its declaratory judgment denying Oleksy's claim of coverage and a right to a defense from Farmers. It is likewise squarely before this Court on Oleksy's appeal from the judgment against him.

## Standard of Review of Cross-Motions for Summary Judgment

When both sides move for summary judgment, and the trial court grants one motion and denies the other, reviewing courts consider both sides' summary-judgment evidence, determine all questions presented, and "render the judgment the trial court should have rendered." *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *Mid–Continent Cas. Co. v. Global Enercom Mgmt., Inc.*, 323 S.W.3d 151, 153–54 (Tex. 2010); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). Each party must carry its own burden to establish entitlement to summary judgment by conclusively proving all the elements of the claim or defense as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010);

11

*Atlantic Lloyds Ins. Co. v. Butler*, 137 S.W.3d 199, 208 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

In a case involving the proper interpretation of an insurance policy, the insured has the burden to establish coverage under the terms of the policy. *Gilbert Tex. Constr.*, 327 S.W.3d at 124. To avoid liability the insurer must then prove that the loss is subject to an exclusion. *Id.* "If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage." *Id.*

### Construction of Insurance Contracts

The appellate courts review a trial court's interpretation of a contract de novo. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 650 (Tex. 1999). "The construction of an insurance policy is a legal issue for the court." *Evergreen Nat. Indem. v. Tan It All, Inc.*, 111 S.W.3d 669, 675 (Tex. App.—Austin 2003, no pet.). Interpretation of an insurance policy is governed by well-established principles of contract construction. *Global Enercom Mgmt.*, 323 S.W.3d at 154. The primary objective is to give effect to the intent of the parties as reflected in the terms of the policy. *See id.*; *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). "As with any other contract, the parties' intent is governed by what they said, not by what they intended to say but did not." *Fiess v. State Farm Lloyds*, 202 S.W.3d

12

744, 746 (Tex. 2006). "Moreover," the supreme court stated, "in cases like this involving a standard form policy mandated by a state regulatory agency, we have held for more than 100 years that the actual intent of the parties is not what counts (as they did not write it), but the ordinary, everyday meaning of the words to the general public." *Id.*

In reviewing an insurance contract, the reviewing court reads all parts of the policy together, "giving effect to every word, clause, and sentence," and avoiding making any part inoperative. *Page*, 315 S.W.3d at 527. Our analysis is confined within the four corners of the policy. *Id.* We must give the words used in the contract "their plain, ordinary and generally accepted meaning" unless the policy indicates they were used in a technical or different sense. *Evergreen*, 111 S.W.3d at 677. If a party's interpretation requires the insertion of a qualifying phrase, that interpretation must be rejected as violating the rule that the language of a policy must be given its ordinary meaning. *Id.* We must honor the parties' agreement and not remake their contract by reading additional provisions into it. *Gilbert Tex. Constr.*, 327 S.W.3d at 126.

Terms in an insurance policy that are subject to more than one reasonable construction are interpreted in favor of coverage. *Id.* at 133. But the parties' disagreement about the policy's meaning does not create an ambiguity. *Id.* If an insurance policy has a clear and definite meaning, it is not ambiguous as a matter

13

of law, even if the parties interpret it differently. *Id.*; *Global Enercom Mgmt.*, 323 S.W.3d at 154.

Whether a claim triggers an insurer's duty to defend and whether a claim is eventually covered or excluded for purposes of indemnification are two different questions. *Gilbert Tex. Constr.*, 327 S.W.3d at 132. "An insurer is required to defend only those cases within the policy coverage." *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). We determine whether an insurer has a duty to defend under the "eight-corners doctrine," while the duty to indemnify is determined by the facts as established in the underlying suit. *Gilbert Tex. Constr.*, 327 S.W.3d at 132–33. "A plaintiff's factual allegations that potentially support a covered claim are all that is needed to invoke the insurer's duty to defend." *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 310 (Tex. 2006). By contrast, "a claim based on a contract that provides indemnification from liability does not accrue until the indemnitee's liability becomes fixed and certain." *Gilbert Tex. Constr.*, 327 S.W.3d at 134.

**Construction of the Policy's Motor Vehicle Exclusion**

Oleksy argues that Texas law governs the construction of all the terms of the policy, including which motor vehicle registration statute applies. Specifically, he argues that Texas's law regarding motor vehicle registration, rather than New York's, should be applied to determine if the recreational-vehicle exception to the

14

motor-vehicle exclusion applies. Oleksy points to Insurance Code article 21.42, which provides:

> Any contract of insurance payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State shall be held to be a contract made and entered into under and by virtue of the laws of this State relating to insurance, and governed thereby, notwithstanding such policy or contract of insurance may provide that the contract was executed and the premiums and policy (in case it becomes a demand) should be payable without this State, or at the home office of the company or corporation issuing the same.

TEX. INS. CODE ANN. art. 21.42 (West 2012). He argues that, when the terms of the policy are construed as required by Article 21.42, the exclusion does not apply to "motor vehicles which are not subject to motor vehicle registration and are . . . designed and used for recreational purposes."

Oleksy points out that the snowmobile was not subject to registration under Texas's motor vehicle registration law. Indeed, Texas law specifically excludes off-highway recreational vehicles from the requirements of motor-vehicle registration. *Compare* TEX. TRANSP. CODE ANN. § 502.040 (West 2012) (requiring registration of motor vehicle that "is used or to be used on a public highway") *with id.* § 502.140 (stating that "a person may not register an all-terrain vehicle or a recreational off-highway vehicle, with or without design alterations for operation on a public highway").

15

Farmers does not disagree with Oleksy's contention that the construction of an insurance policy issued to a Texas resident in Texas is governed by Insurance Code article 21.42. But Farmers contends that Oleksy's construction of his policy requires inserting into the terms of the policy the requirement that the vehicle must be subject to registration *in Texas*, which, it argues, violates the rules that the language of a policy must be given its ordinary meaning and that the parties may not remake their contract by reading additional provisions into it. It points out that the policy says only that "the exclusion does not apply to . . . motor vehicles which are not subject to motor vehicle registration and are . . . designed and used for recreational purposes" and does not add "in Texas." Farmers argues that the applicable law for determining whether the snowmobile was required to be registered is the law of New York. Farmers contends that the snowmobile was required to be registered under New York's motor vehicle registration laws and that, therefore, claims arising from the snowmobile accident are excluded from coverage under the plain language of the policy.

Farmers refers us to the New York Vehicle and Traffic Law. This law, however, contrary to Farmers' construction of it, expressly defines a motor vehicle as "[e]very vehicle operated or driven upon a public highway which is propelled by any power other than muscular power *except . . . snowmobiles . . .* and . . . all-terrain vehicles . . . ." N.Y. VEH. & TRAF. LAW § 125 (McKinney 2005) (emphasis

16

added). Laws pertaining to the registration of motor vehicles and snowmobiles are both part of the New York Vehicle and Traffic Law, but they are not synonymous. *Compare id.* §§ 400–499-d (Title IV—Registration of Vehicles) *with* §§ 2220–2413 (Title XI—Registration of Snowmobiles, Motorboats and Limited Use Vehicles)). Indeed, the New York Vehicle and Traffic Law specifically distinguishes a snowmobile from a motor vehicle, stating, "Notwithstanding its limited use on highways, *a snowmobile shall not be determined a motor vehicle* within the meaning of section one hundred twenty-five of this chapter or any other successor statutes." *Id.* § 2229 ("Snowmobile, not a motor vehicle") (emphasis added). Both the motor-vehicle registration and the snowmobile registration laws appear in Chapter 71 of the Consolidated Laws, i.e., in the same chapter as section 125. *See id.* §§ 125 (definition of motor vehicle), 401–404-oo (Registration of Motor Vehicles), 2220–2231 (Registration of Snowmobiles). This language can only be reasonably read as stating that snowmobiles are *not* motor vehicles for purposes of New York's motor vehicle registration law.

I agree with Farmers that to read the policy as Oleksy does—and thus to interpret the exclusion as providing that the vehicle must be not subject to motor vehicle registration *in Texas* in order for the exception to the exclusion to be satisfied—is to ignore the ordinary, everyday meaning of the words to the general public and to insert into the language of the policy a restriction of registration to

17

Texas, which the parties did not include. *See Gilbert Tex. Constr.*, 327 S.W.3d at 126; *Evergreen*, 111 S.W.3d at 677. Under the rules of statutory construction and the facts of the case, the snowmobile must not have been subject to motor vehicle registration where it ordinarily would be registered—which, in this case, is New York. However, to read the policy as Farmers does flies in the face of the plain language of the *New York* motor vehicle registration law it would apply, under which the snowmobile is not subject to registration as a motor vehicle, but as a recreational vehicle, just as in Texas.

Under an ordinary, everyday, plain language reading, Oleksy's policy provides coverage for personal injuries and property damage caused by "motor vehicles which are not subject to motor vehicle registration" in the place where they are or would be required to be registered and which are "designed and used for recreational purposes," so long as the other criteria for application of the exception to the motor vehicle exclusion from coverage are satisfied, namely, the correct characterization of the vehicle as a recreational vehicle and the ownership of the vehicle by someone other than the insured. The snowmobile is indisputably a recreational vehicle; the parties agree on appeal that Oleksy is not the snowmobile's owner; and the snowmobile clearly is not subject to registration as a motor vehicle under New York law (or, for that matter, under Texas law).

18

Thus both Farmers' and Oleksy's readings of the policy must be rejected. This Court should construe the terms of the policy de novo and provide the only reasonable interpretation sustainable by the plain language of the policy. *See In re Dillard Dept. Stores, Inc.*, 186 S.W.3d 514, 515 (Tex. 2006); *Gilbert Tex. Constr.*, 327 S.W.3d at 133.

Applying the rules of contract construction, I would hold, on the basis of the plain language of the insurance policy and of the New York motor vehicle registration laws, that the snowmobile was *not* required to be registered by the applicable motor vehicle law—that of New York. It is plainly a recreational vehicle, as both parties concede. And it is no longer disputed that Oleksy was not the owner of the snowmobile. Therefore, I would hold that, under the plain language of the policy and the undisputed facts of the case, as shown by the summary judgment evidence, the exception to the motor vehicle exclusion applies. Thus, the Pochrons' claims are covered by Oleksy's homeowner's insurance policy and Oleksy is entitled to a defense from Farmers for those claims. *See Gilbert Tex. Constr.*, 327 S.W.3d at 132; *Fid. & Guar. Ins. Underwriters, Inc.*, 633 S.W.2d at 788.

The majority, however, refuses to address the parties' sole issue, construe and declare the law, and determine coverage. Instead, it stops short of deciding the legal issues presented by this appeal and confines itself to declaring only that "the

Texas Transportation Code and the New York Vehicle and Traffic Law . . . are materially the same for purposes of resolving this appeal: neither law subjects a snowmobile to 'motor vehicle registration.'" Slip Op. at 10. Thus, it hands down an advisory opinion that refuses even to decide which state's registration law governs for purposes of construing the application of the exception to the motor vehicle exclusion in the policy in accordance with Article 21.42, the necessary first step in declaring the law and deciding the coverage issue.

The majority does not construe the law or interpret the statutes at issue and their applicability in this case even though, as it specifically points out, "the interpretation of a statute is a question of law that this court determines de novo, [and] we are not bound to accept the parties' agreed but mistaken interpretation of law." Slip Op. at 8–9 (citing *First American Title Ins. Co. v. Combs*, 258 S.W.3d 627, 631 (Tex. 2008)); *see also Global Enercom Mgmt.*, 323 S.W.3d at 154. And it does this on the basis that Oleksy did not make the correct legal argument below regarding the interpretation of the motor vehicle registration statutes. However, Texas appellate courts have not traditionally relied upon the parties to construe the law correctly—that is the role of this Court, which is charged with interpreting the applicable statute de novo under the rules of statutory construction. *See Fiess*, 202 S.W.3d at 746 ("[I]n cases like this involving a standard form policy mandated by a state regulatory agency, [the Texas Supreme Court has] held for more than 100

20

years that the actual intent of the parties is not what counts (as they did not write it), but the ordinary, everyday meaning of the words to the general public."). The parties are required only to present the dispositive legal issues for our review, as Oleksy and Farmers did here in seeking a review of the trial court's legal interpretation of the policy.

Because the majority does not construe, declare, and apply the law to determine whether the Pochrons' claims are covered by Oleksy's insurance policy, and, thus, whether Farmers must provide Oleksy with a defense to those claims, I cannot agree that the opinion handed down by the majority satisfies the requirements of Rule of Appellate Procedure 47.1, which requires that the appellate court hand down an opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. Nor can I agree with the majority's refusal to consider both sides' summary judgment evidence, determine all questions presented, and "render the judgment the trial court should have rendered" when deciding the parties' cross motions for summary judgment. *Gilbert Tex. Constr.*, 327 S.W.3d at 124. In my view, the majority opinion is erroneous in both respects.

**Conclusion**

I would decide the issues presented in this appeal from the trial court's entry of judgment in favor of Farmers on the parties' cross-motions for summary judgment. I would hold that the trial court erred in granting Farmers' motion for summary judgment and in failing to grant summary judgment in favor of Oleksy. I would, therefore, reverse the judgment of the trial court and would render judgment in favor of Oleksy, declaring that the exception to the motor vehicle exclusion in his Farmers homeowner's insurance policy applies, that the Pochrons' claims are covered by his policy, and that he is entitled to a defense against the Pochrons' claims and potential indemnification from Farmers.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Keyes, J., dissenting.